S06A1440. DRINKARD v. WALKER.
(636 SE2d 530)

SEARS, Chief Justice.

Jerry Drinkard was convicted by an Elbert County jury in 1996 of rape, aggravated child molestation, statutory rape, and incest, based on a single encounter with the victim. His convictions were affirmed on appeal by unpublished opinion.[1]

In 2004, Drinkard filed a petition for a writ of habeas corpus, alleging that his counsel had been ineffective for failing to argue at trial and on appeal that his statutory rape and incest convictions should have merged into his rape conviction as a matter of fact. The

---

[1] *Drinkard v. State*, 242 Ga. App. XXV (2000) (unpublished).

habeas court denied Drinkard's petition, but this Court granted his application for a certificate of probable cause. Because the crimes of statutory rape and incest were not established by proof of the same or less than all the facts required to prove rape, the crimes do not merge. Accordingly, counsel was not ineffective and we affirm the order of the habeas court denying Drinkard's petition for habeas relief. In addition, because the "actual evidence" test adopted in *State v. Estevez*[2] is inconsistent with our statutory rules for determining when one offense is "included in" another, we hereby overrule that decision and adopt the "required evidence" test, as set forth in *Blockburger v. United States*.[3]

Drinkard received a life sentence for rape, a thirty-year consecutive sentence for aggravated child molestation, and two concurrent twenty-year sentences for statutory rape and incest. In order to prevail on his claim of ineffective assistance of counsel, Drinkard has the burden to show that his counsel's performance was deficient and that but for that deficient performance, there is a reasonable probability that the result of the trial or appeal would have been different.[4] In the present context, Drinkard must show that had his attorney made the proper argument, the trial court or appellate court would have merged the statutory rape and incest convictions into the rape conviction. Thus, he would not have received the twenty-year concurrent sentences for incest and statutory rape.

Drinkard's argument invokes the protections afforded by the doctrine of substantive double jeopardy, which prohibits multiple convictions and punishments for the same offense.[5] "In making a judicial determination of whether multiple punishment is permissible [for closely related offenses] the question is: What did the legislature intend?"[6]

Under OCGA § 16-1-7 (a):

[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined

---

[2] 232 Ga. 316 (206 SE2d 475) (1974).

[3] 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932).

[4] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998).

[5] *Stephens v. Hopper*, 241 Ga. 596, 599 (247 SE2d 92) (1978).

[6] *Haynes v. State*, 249 Ga. 119, 123 (288 SE2d 185) (1982) (Marshall, J., dissenting).

to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.[7]

Drinkard's conduct clearly established the commission of more than one crime. Thus, the question is whether the statutory rape and incest offenses were "included in" the rape offense. Under OCGA § 16-1-6 (1), a crime is "included in" the other where "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]."[8] In this case, the crimes of statutory rape and incest are included in the crime of rape if, and only if, the statutory rape and incest offenses were established by proof of the same or less than all the facts that were required to establish proof of the rape offense.

To establish the crime of rape, the State proved that Drinkard had carnal knowledge of the victim, forcibly and against her will.[9] Drinkard argues that all that the State was required to prove to establish statutory rape and incest was that intercourse occurred, and that because the State established that only one act of intercourse occurred, the incest and statutory rape convictions were established by proof of less than all the facts used to establish proof of rape.

In order to show that Drinkard committed incest and statutory rape, however, it was not sufficient for the State to prove only that Drinkard had intercourse with the victim. Instead, the State also had to prove that the victim was under the age of 16 and not Drinkard's spouse to establish statutory rape,[10] and that the victim was of a certain relation to Drinkard to establish incest.[11] In order to meet these burdens, the State proved that the victim was 13 years old at the time of the crimes, that the victim and Drinkard were not married, and that the victim was Drinkard's niece. Thus, neither statutory rape nor incest was established by proof of the same or less than all the facts required to establish proof of rape.[12]

---

[7] Only the first subsection of this statute, whether the statutory rape and incest offenses were "included in" the rape offense, is relevant to this appeal.

[8] OCGA § 16-1-6 (2), which states that one crime is included in another where "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission," is not at issue in this case.

[9] OCGA § 16-6-1.

[10] OCGA § 16-6-3.

[11] OCGA § 16-6-22.

[12] See Potts v. State, 241 Ga. 67, 79 (243 SE2d 510) (1978) ("[n]o matter what may have been put into evidence, the key consideration is whether one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the [other] crime charged") (vacated on other grounds by Potts v. Zant, 575 FSupp. 374 (N.D. Ga. 1983)).

Unfortunately, this straight-forward statutory analysis has been unduly complicated by a line of confusing and inconsistent opinions, beginning with this Court's 1974 opinion in *State v. Estevez*.[13] That opinion, and the jurisprudence it has spawned, has long been criticized by commentators for being unwieldy in practice, inconsistent in result, and in conflict with the plain language of our statutory Code. We agree, and therefore take this opportunity to overrule *Estevez*, and to unambiguously adopt the "required evidence" test, as set forth in *Blockburger v. United States*,[14] for determining when one crime is "included in" another under OCGA § 16-1-6 (1).

In *Estevez*, this Court adopted the "actual evidence" test and eschewed the "required evidence" test set forth in *Blockburger*, finding that the statutory language at issue "expanded the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions."[15] As one commentator has noted, "the flat assertion by the court [that the statutory Code was intended to increase the substantive double jeopardy protections afforded defendants] without any citation of specific authority is surprising."[16] For,

> while there can be no doubt that the bar to multiple prosecutions [under the doctrine of procedural double jeopardy] was expanded by the rejection of the dual sovereignty rule[17] and the imposition of a rule of criminal res judicata,[18] it is not at all clear that the substantive [double jeopardy] bar was intended to be expanded beyond the *Blockburger* required evidence test for testing whether two convictions were actually for the "same offense" [and therefore barred].[19]

Under the "actual evidence" test adopted in *Estevez*, a lesser crime will be included in a greater crime if "the evidence actually presented at trial to establish the elements of the crime charged also establishes all the elements of the lesser crime."[20] "The malleability of such a test was not alluded to by the court, but ought to be apparent."[21] Indeed, the adoption of the "actual evidence" test has led

---

[13] 232 Ga. at 316.

[14] 284 U. S. at 299.

[15] 232 Ga. at 317.

[16] Robert E. Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga., "Multiple Convictions," (II), p. 1087 (2006 ed.).

[17] See OCGA § 16-1-8 (c); *Dorsey v. State*, 237 Ga. 876 (230 SE2d 307) (1976).

[18] See OCGA §§ 16-1-7 (b); 16-1-8 (b).

[19] Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga. at 1087.

[20] *State v. Burgess*, 263 Ga. 143, 144-145 (429 SE2d 252) (1993).

[21] Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga. at 1088.

to inconsistent and incongruous results.[22] It has created situations where the conduct of a defendant constitutes a clear violation of multiple statutes, each of which is intended to protect against different harms, but where the defendant is given a free pass for some of his crimes because his crimes were committed in a single act.[23]

Under the "required evidence" test, on the other hand, "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[24] As this court stated in *Pryor v. State*, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."[25] The "required evidence" test reflects the statutory language of OCGA § 16-1-6 (1) far more accurately than does the "actual evidence" test adopted in *Estevez*.

"The language of [OCGA] § 16-1-6 itself speaks in terms of the 'required' elements of the two offenses at issue."[26] In fact, our statutory language is "virtually identical" to the language of the Model Penal Code § 1.07 (1), (4) (1962), with respect to convictions for conduct that constitutes more than one offense.[27] The Model Penal Code, in turn, intended to mirror the *Blockburger* test and to provide "that a lesser offense is included in the charge of a greater if the proof

---

[22] Compare *Haynes v. State*, 249 Ga. at 120 (holding armed robbery to be a lesser included offense of kidnapping for ransom); and *Alvin v. State*, 253 Ga. 740 (325 SE2d 143) (1985) (holding criminal damage to property to be a lesser included offense to murder); with *Stephens v. Hopper*, 241 Ga. 596 (holding that kidnapping with bodily injury was not a lesser included offense to murder, where killing was bodily injury, because crimes have different elements); and *Dennis v. State*, 158 Ga. App. 142 (279 SE2d 275) (1981) (holding that enticing a child for indecent purposes and aggravated sodomy are not included offenses because each had distinct elements). See also *State v. Burgess*, 263 Ga. at 145 ("[t]hough the actual evidence test is still viable under Georgia law . . . many courts have encountered obstacles in applying that test and have resorted, either explicitly or in actuality, to the simple, more practical 'required evidence test.' ").

[23] See, e.g., *McCranie v. State*, 157 Ga. App. 110, 110 (276 SE2d 263) (1981) (concluding that incest and statutory rape merged where there was one act of intercourse, because "the same conduct establishe[d] the commission of more than one offense and one crime is included in the other"); see also *Commonwealth v. Duffy*, 832 A2d 1132, 1138-1141 (Pa. Super. 2003) (if "statutory sexual assault" and "sexual assault" were merged, in spite of different elements, it would be "giving criminals a volume discount" for their crimes).

[24] *Blockburger*, 284 U. S. at 304.

[25] 238 Ga. 698, 700 (234 SE2d 918) (1977) (quoting *Gavieres v. United States*, 220 U. S. 338, 342 (31 SC 421, 55 LE2d 489) (1911)). *Pryor* was subsequently overruled on other grounds by *Montes v. State*, 262 Ga. 473, 474-475 (421 SE2d 710) (1992).

[26] Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga. at 1087.

[27] See Note, Double Jeopardy: An Illusive Expansion of a Constitutional Protection, 14 Ga. L. Rev. 761, 781-783 (1980).

necessary to establish the greater offense will of necessity establish every element of the lesser offense."[28] This Court's adoption of the "actual evidence" test, in spite of the statutory language governing the issue, put it at odds with almost all jurisdictions that, like Georgia, adopted a statutory rule similar to that set forth in the Model Penal Code.[29]

In his dissenting opinion in *Haynes v. State*,[30] Justice Marshall lamented the inconsistencies that have resulted from the application of the "actual evidence" test. Justice Marshall was correct to complain about this Court's "chronic insistence on perpetuating or even compounding" the confusion, in spite of the imminently "workable guidelines" set forth by the statutory Code.[31]

Under that Code, the important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.[32] In this case, "[t]he fact that the act of sexual intercourse supports an element in each crime does not warrant merging of the sentences where other mutually exclusive elements of the crimes remain."[33]

---

[28] Model Penal Code § 1.07 cmt. 5, p. 130 (1985).

[29] See, e.g., *Polk v. Commonwealth*, 679 SW2d 231, 233 (Ky. 1984) (statute precluding multiple convictions where crime is established by proof of same or less than all the facts is "simply a codification of the rule laid down in *Blockburger*"); *Hackett v. State*, 569 A2d 79 (Del. 1990); *People v. Abiodun*, 111 P3d 462, 465 (Colo. 2005); *State v. Wood*, 868 P2d 70, 90-91 (Utah 1993), overruled on other grounds by *State v. Mirquet*, 914 P2d 1144, 1147, n. 2 (Utah 1996).

[30] 249 Ga. at 121.

[31] Id. at 123. See also *Burgess*, 263 Ga. at 145.

[32] The "required evidence" test applies strictly within the context of determining whether multiple convictions are precluded because one of the crimes was "established by proof of the same or less than all the facts" that were required to establish the other crime under OCGA § 16-1-6 (1). There are additional statutory provisions concerning prohibitions against multiple convictions for closely related offenses that are not at issue here. These provisions include: OCGA § 16-1-6 (1) (one crime is included in the other where it is established by "proof of . . . a less culpable mental state"); OCGA § 16-1-6 (2) (one crime is included in the other where it differs only in that it involves a "less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability"); and OCGA § 16-1-7 (a) (2) (precluding multiple convictions where one crime differs from another "only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct"). These other statutory provisions resolve potential gaps in the *Blockburger* "required evidence" analysis which otherwise might support multiple convictions for closely related offenses where multiple convictions are unwarranted. See *Haynes*, 249 Ga. at 124-125 (Marshall, J., dissenting); Model Penal Code § 1.07 cmt. 2 (a), p. 108, cmt. 5, pp. 132-134; Note, Double Jeopardy, 14 Ga. L. Rev. at 783-784; Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga. at 1094.

[33] *Duffy*, 832 A2d at 1139.

The Court of Appeals case of *Sanford v. State*[34] provides an illustrative example of a case in which different crimes had overlapping elements, and which occurred during a single act by a defendant, but which did not merge because each crime required proof of an additional fact.[35] In *Sanford*, the defendant was charged with three crimes associated with illegal hunting: (1) hunting at night with a light exceeding six volts; (2) hunting from a public road; and (3) hunting from a motor vehicle.[36] Although each of the crimes shared the essential element of hunting, and the crimes occurred during a single act by the defendant, each crime was established by proof of a fact not required to establish the other crimes.[37] Similarly, here, although each crime shared the element of intercourse, and the crimes all resulted from a single act by the defendant, each crime was established by proof of an additional fact not at issue in the other crimes.

Because the *Estevez* "actual evidence" test is inconsistent with the statutory framework governing the prohibition against multiple convictions for included offenses in Georgia, and has resulted in years of confusion and unpredictable results, we hereby overrule it. In its place, we adopt the *Blockburger* "required evidence" test and overrule any of our prior cases that are inconsistent with that test.[38] Because the crimes of statutory rape and incest in this case were not established by proof of the same or less than all the facts required to establish the crime of rape, Drinkard's attorney was not ineffective for failing to argue that the offenses should be merged. Accordingly, we affirm the judgment of the habeas court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006 —
RECONSIDERATION DENIED NOVEMBER 6, 2006.

Jerry Drinkard, *pro se.*

---

[34] 169 Ga. App. 769 (315 SE2d 281) (1984).

[35] Although it did not do so explicitly, the case of *Sanford v. State* applied the "required evidence" test that we explicitly adopt today.

[36] *Sanford*, 169 Ga. App. at 769.

[37] Id. at 770.

[38] See, e.g., *Pryor v. State*, 238 Ga. at 698; *Zilinmon v. State*, 234 Ga. 535 (216 SE2d 830) (1975); *Allen v. State*, 233 Ga. 200 (210 SE2d 680) (1974); *Haynes v. State*, 249 Ga. at 119; *Alvin*, 253 Ga. at 740; *Love v. State*, 190 Ga. App. 264, 265 (378 SE2d 893) (1989); *McCranie*, 157 Ga. App. at 110; *Cofield v. State*, 216 Ga. App. 623, 626 (455 SE2d 342) (1995); *Starnes v. State*, 205 Ga. App. 882, 884 (424 SE2d 4) (1992); *Wofford v. State*, 226 Ga. App. 487 (486 SE2d 697) (1997).

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.