A09A0031. HILL v. THE STATE.

(671 SE2d 853)

BLACKBURN, Presiding Judge.

Following a jury trial, Torrey Lavar Hill appeals his conviction on two counts of statutory rape,[1] two counts of child molestation,[2] and two counts of contributing to the delinquency of a minor.[3] He challenges the sufficiency of the evidence and also argues that the trial court erred in charging the jury on statutory rape as a lesser included offense of rape and in failing to merge the child molestation charges into the statutory rape charges before sentencing. Discerning no error, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[4] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[5]

So viewed, the evidence shows that on July 15, 1998, 20-year-old Hill supplied 14-year-old C. H. with cocaine and marijuana, which they smoked or ingested while sitting in a car across the street from Hill's residence. Aware of her age, Hill then fondled C. H.'s breasts, unzipped her pants, and removed her underwear, following which he engaged in vaginal intercourse with her.

Two days later, Hill brought along a male adult companion and again met with C. H., this time providing both her and her fourteen-year-old female friend A. G. with alcohol and marijuana at a residence where the girls were helping to babysit a child. After the girls ingested some of the alcohol and smoked the marijuana, the men persuaded the girls to go with them to the home's master bedroom, where the men encouraged the girls to drink more alcohol. Aware she was only 14, Hill placed his hands under A. G.'s shorts and underwear and fondled her private area. A. G. left the bedroom, only to return, whereupon Hill removed her shorts and underwear and,

[1] OCGA § 16-6-3 (a).
[2] OCGA § 16-6-4 (a).
[3] OCGA § 16-12-1 (b) (1).
[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

over her intoxicated objection, had vaginal intercourse with her. C. H. witnessed a portion of the intercourse.

A. G. told a young male friend and then her mother of the incidents, following which A. G. told a police interviewer and a nurse. C. H. also told the same young male friend of her intercourse experience with Hill. With police recording the conversation, C. H. called Hill on the phone, during which conversation Hill implicitly acknowledged their July 15 act of sexual intercourse.

Hill was indicted on nine counts, including rape of A. G., statutory rape of C. H., aggravated child molestation of A. G., child molestation of both girls, contributing to the delinquency of both girls, and enticing both girls for indecent purposes. Acquitting him of raping A. G. and of the enticing charges as well as the aggravated molestation charge, the jury nevertheless found him guilty of a lesser charge of statutory rape involving A. G., of the statutory rape charge involving C. H., of the two child molestation charges, and of the two charges of contributing to the delinquency of minors. Subsequent to this Court's opinion in *Hill v. State*,[6] the trial court allowed Hill to file an out-of-time appeal, which is now before us.

1. Hill challenges the sufficiency of the evidence on various grounds. First, he challenges the sufficiency of the evidence as to the two statutory rape charges, contending that the testimony of the two young victims was not corroborated. Indeed, OCGA § 16-6-3 does provide that no conviction of statutory rape may rely "on the unsupported testimony of the victim." See *Lewis v. State*[7] ("[p]ursuant to OCGA § 16-6-3 (a), a conviction for statutory rape requires corroboration"). However,

> the quantum of corroboration needed is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration and ultimately the question of corroboration is one for the jury.

*Weldon v. State*.[8]

The slight circumstances which may serve as corroboration may simply be prior consistent statements of the victim to others. "A child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute sufficient substantive evidence of corroboration in a statutory rape case."

[6] *Hill v. State*, 285 Ga. App. 310 (645 SE2d 758) (2007).
[7] *Lewis v. State*, 278 Ga. App. 160, 161 (1) (628 SE2d 239) (2006).
[8] *Weldon v. State*, 270 Ga. App. 262, 264 (2) (606 SE2d 329) (2004).

(Punctuation omitted.) *Turner v. State.*[9] See *Long v. State.*[10] In both statutory rape convictions here, each victim told others of the sexual intercourse with Hill, which statements those witnesses recounted at trial; this alone provided sufficient corroboration. See *Salazar v. State.*[11] Moreover, regarding the statutory rape involving A. G., other corroborating evidence included C. H.'s eyewitness testimony of that act. Regarding the statutory rape involving C. H., other corroborating evidence included Hill's admissions during the recorded phone conversation with C. H. The evidence sufficed to sustain the statutory rape convictions.

As conceded by Hill, the child molestation convictions required no corroboration and could be sustained based on the testimony of the victims alone, each of whom testified to Hill's acts of fondling her breasts or private parts prior to the act of intercourse. See *Turner v. State*, supra, 223 Ga. App. at 449 (1) (b) ("[t]here is no requirement that the testimony of the victim of child molestation . . . be corroborated") (punctuation omitted). See generally OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"); *In the Interest of Q. F.*[12] The testimony of the victims regarding Hill providing them with alcohol and illegal drugs, corroborated by the testimony of two other witnesses, sufficed to sustain the two convictions for contributing to the delinquency of a minor. See *Little v. State.*[13]

2. Regarding the rape charge involving A. G., on which the jury acquitted Hill, Hill contends that the court erred in charging the jury that it could find him guilty of a lesser included charge of statutory rape, which it did. Citing *Hill v. State*,[14] Hill argues that statutory rape is not a lesser included offense of forcible rape; therefore, having not been indicted for statutory rape against A. G., Hill maintains that the court could not instruct the jury that he could be found guilty of such over his objection. See *Freeman v. State.*[15]

*Heggs v. State*[16] sets forth the governing legal principle:

> In order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessar-

[9] *Turner v. State*, 223 Ga. App. 448, 450 (2) (477 SE2d 847) (1996).

[10] *Long v. State*, 189 Ga. App. 131, 132 (1) (375 SE2d 274) (1988).

[11] *Salazar v. State*, 245 Ga. App. 878, 880-881 (2) (539 SE2d 231) (2000).

[12] *In the Interest of Q. F.*, 280 Ga. App. 812, 814, n. 6 (635 SE2d 209) (2006).

[13] *Little v. State*, 262 Ga. App. 377, 378 (a) (585 SE2d 677) (2003).

[14] *Hill v. State*, 246 Ga. 402, 405 (III) (271 SE2d 802) (1980).

[15] *Freeman v. State*, 291 Ga. App. 651, 652-653 (1) (662 SE2d 750) (2008).

[16] *Heggs v. State*, 246 Ga. App. 354, 355 (1) (540 SE2d 643) (2000).

ily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower.

(Punctuation omitted.)

As argued by Hill, forcible rape does not necessarily include within itself all of the essential ingredients of statutory rape, as statutory rape requires proof of an element (the victim must be under 16) that forcible rape does not. See OCGA §§ 16-6-1 (a); 16-6-3 (a).[17] Thus, statutory rape is not necessarily included, *as a matter of law*, within the offense of forcible rape. *Hill v. State*, supra, 246 Ga. at 405 (III). Nevertheless, a crime may be included as a lesser included offense of the crime charged *as a matter of fact* when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. . . ." OCGA § 16-1-6 (1).

Accordingly, this Court has held that even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, *the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well*. Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Punctuation omitted; emphasis in original.) *Stulb v. State*.[18]

There is no question that the evidence presented at trial regarding the alleged forcible rape of A. G. established the offense of statutory rape involving A. G., as she testified to Hill having intercourse with her when she was 14 years of age, which testimony was corroborated as set forth in Division 1 above. The only issue therefore is whether the facts alleged in the indictment put Hill on notice "that statutory rape could be considered a factually lesser

---

[17] We recognize that Hill's actions took place in 1998, when the rape and child molestation statutes were somewhat different than the current statutes. Compare OCGA §§ 16-6-1 and 16-6-3 (2008) with former OCGA §§ 16-6-1 and 16-6-3 (1998). However, the differences are not relevant to our analysis here.

[18] *Stulb v. State*, 279 Ga. App. 547, 549 (1) (631 SE2d 765) (2006).

included offense, depending on the jury's interpretation of the facts of the assault." *Stulb v. State*, supra, 279 Ga. App. at 550 (1). See *Freeman v. State*, supra, 291 Ga. App. at 652 (1) ("it is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment") (punctuation omitted).

We hold that the facts alleged in the indictment did put Hill on proper notice. As in *Stulb*, "the factual allegations in the indictment that the victim of the [rape] was a female under the age of 16 put [Hill] on notice that statutory rape [involving A. G.] could be considered a factually lesser included offense." *Stulb v. State*, supra, 279 Ga. App. at 550 (1). The fact that the allegations as to A. G.'s age on the date of the forcible rape were found in other counts of the indictment (which were charging Hill with child molestation and enticing a minor for indecent purposes on that same date) is unimportant, as all that is required is that the indictment — not the specific count of the indictment — allege the facts necessary to establish the lesser included offense. See *Freeman v. State*, supra, 291 Ga. App. at 653 (1) (statutory rape must be included in the indicted offense or "otherwise included within the language of the indictment"). Cf. *Brownlow v. State*[19] ("[a] trial court is authorized to charge the jury on a lesser included offense so long as the charge is supported by the evidence and the indictment *sufficiently* places the defendant on notice of the crimes which he must defend") (citation omitted; emphasis supplied). Compare *Heggs v. State*, supra, 246 Ga. App. at 354 (child molestation conviction reversed where indictment only alleged forcible rape and "made no mention of [the victim] being a child under the age of . . . 16") (punctuation omitted).

As two other counts of the indictment contained allegations that A. G. was under sixteen on the date of the forcible rape charged in Count 1, the trial court did not err in instructing the jury on statutory rape as factually being a possible lesser included offense of the charged offense of forcible rape involving A. G.

3. Hill complains that during sentencing, the trial court should have merged the two child molestation offenses into the two statutory rape offenses. "The rule prohibiting more than one conviction if one crime is included in the other does not apply unless the same conduct of the accused establishes the commission of multiple crimes. OCGA § 16-1-7 (a) (1). See also *Drinkard v. Walker*."[20] *Waits v. State*.[21] See *Goss v. State*.[22]

---

[19] *Brownlow v. State*, 248 Ga. App. 366, 369 (3) (a) (544 SE2d 472) (2001).
[20] *Drinkard v. Walker*, 281 Ga. 211, 212-213 (636 SE2d 530) (2006).
[21] *Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007).
[22] *Goss v. State*, 289 Ga. App. 734, 738 (3) (658 SE2d 168) (2008).

"[W]here the evidence shows that one crime was complete before the other occurred, the crimes do not factually merge." (Punctuation omitted.) *Michael v. State*.[23] In other words, where the crimes are separate and sequential, even though following one another by only minutes if not mere seconds, they are not based on the same conduct. See id. at 293-294 (5); *Croft v. State*.[24]

This principle has been specifically applied to the child molestation area, so that the defendant's fondling of a young female's breasts and vaginal area immediately prior to forcing intercourse upon her constituted two separate crimes of child molestation (fondling) and rape (intercourse) and did not factually merge. *Miller v. State*.[25] See *Daniel v. State*[26] (defendant's fondling young girl's vaginal area prior to inserting his finger into her vagina constituted two separate crimes of child molestation and aggravated sexual battery, which did not factually merge). Thus, "[w]hile child molestation may be a lesser included offense of statutory rape, where separate and distinct acts of molestation occur which are short of rape . . . , no merger occurs." *Walker v. State*.[27] Compare *Dorsey v. State*[28] (child molestation and statutory rape charges merge where based upon same single act of intercourse).

Here, the child molestation convictions were based upon Hill fondling the breasts and private areas of the two young girls, whereas the statutory rape convictions were based upon Hill having subsequent vaginal intercourse with the young girls. Thus, the crimes were sequential and separate and not based on the same conduct.[29] Accordingly, the trial court did not err in failing to merge the crimes at sentencing.

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

### DECIDED DECEMBER 19, 2008.

*Jeffrey L. Grube*, for appellant.

---

[23] *Michael v. State*, 281 Ga. App. 289, 294 (5) (635 SE2d 790) (2006).

[24] *Croft v. State*, 278 Ga. App. 107, 109 (2) (628 SE2d 144) (2006).

[25] *Miller v. State*, 226 Ga. App. 509, 515 (5) (486 SE2d 911) (1997).

[26] *Daniel v. State*, 292 Ga. App. 560, 565-566 (5) (665 SE2d 696) (2008).

[27] *Walker v. State*, 214 Ga. App. 777, 780 (6) (449 SE2d 322) (1994).

[28] *Dorsey v. State*, 265 Ga. App. 404, 406 (2) (593 SE2d 945) (2004).

[29] Because the crimes were not based on the same conduct, we need not address whether the "required evidence" test set forth in *Drinkard v. Walker*, supra, 281 Ga. at 215, would apply to allow the convictions to stand nevertheless.

*Venita S. McCoy, District Attorney, Kelly R. Burke, Assistant District Attorney*, for appellee.