673 S.E.2d 257 (2009)
The STATE
v.
STEPP.
No. A08A1600.
Court of Appeals of Georgia.
January 13, 2009.
Reconsideration Denied February 2, 2009.
*258 Robert D. James Jr., Solicitor-General, Sophia Elaine Haynes, Asst. Solicitor-General, for appellant.
Jennifer W. DeBaun, for appellee.
MILLER, Chief Judge.
Lekeisha Stepp filed a plea in bar, arguing that her convictions in the Recorder's Court of DeKalb County for violation of certain county ordinances regulating her responsibilities as a pet owner barred a subsequent prosecution in the State Court of DeKalb County upon two counts of misdemeanor reckless conduct pursuant to OCGA § 16-5-60(b). The state court granted the motion, finding that both prosecutions arose out of the same conduct. The State appeals, contending that the prosecution of the reckless conduct charges in state court was not barred by the double jeopardy rule. We agree and reverse.
On appeal from the grant or denial of a plea in bar, "[w]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, [as here,] we review de novo the trial court's application of the law to the undisputed facts." (Punctuation and footnote omitted.) Barlowe v. State, 286 Ga.App. 133, 648 S.E.2d 471 (2007). The undisputed evidence shows that on August 29, 2007, Stepp's pit bull, which had escaped from her home, mauled a six-year-old child on her way home from school. Various citations thereafter issued against Stepp for failure to control her pet under the DeKalb County animal control ordinance, and following a bench trial before the recorder's court on September 14, 2007, Stepp was convicted, among other things,[1] of violating Section 5-2(a) thereof and sentenced to a suspended fine. Section 5-2(a) of such ordinance provides:
It shall be the duty of every owner of an animal to take all necessary steps and precautions to protect other people, property, and other animals from injury or damage resulting from such animal's behavior, including, but not limited to, chasing, biting, or otherwise jeopardizing the safety or welfare of the public, regardless of whether such behavior is motivated by mischievousness, playfulness, or ferocity.
On September 6, 2007, Stepp was arrested upon the charges of misdemeanor reckless conduct, the prosecution of which she now alleges is barred by double jeopardy.
The State maintains the trial court erred in granting Stepp's motion claiming double jeopardy because the prosecution of the reckless conduct charges against her in superior court (i) exceeded the limited jurisdiction of the recorder's court and (ii) required proof of a fact unnecessary to establish a violation of the ordinance at issue before the recorder's court. We agree.
In the case of successive municipal and State prosecutions, both the State and Federal constitutions apply as to whether the second prosecution is barred by the first.
The constitutional prohibition is against being twice placed in jeopardy for the "same offense." As the United States Supreme Court has stated, "The identity of offenses is, therefore, a recurring issue in double jeopardy cases...." United States *259 v. Ewell, 383 U.S. 116, 124, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932): `The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....'" Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).
State v. Burroughs, 244 Ga. 288, 290(3), 260 S.E.2d 5 (1979), vacated on other grounds, Burroughs v. Ga, 448 U.S. 903, 100 S.Ct. 3044, 65 L.Ed.2d 1134 (1980).
Here, violation of the relevant county ordinance required proof of a fact that the misdemeanor reckless conduct charges did not, and vice versa. Specifically, to prove the misdemeanor reckless conduct charges, the State was required to prove that Stepp's acts or omissions in controlling her pet constituted a "gross deviation from the standard of care" rather that ordinary negligence responsible for the conduct causing the harm at issue. See OCGA § 16-5-60(b) ("A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of ... misdemeanor [reckless misconduct]."). To show a violation of the county ordinance, the State was required to prove not that Stepp's actions constituted a "gross deviation from the standard of care" as required to prove the reckless conduct charges (id.), but that she owned the pet and failed to exercise ordinary care in controlling it for the protection of others. DeKalb County Ordinance, Section 5-2(a). Accordingly, the charge for violating the ordinance was sufficiently separate from the misdemeanor reckless conduct charges, and successive prosecutions were not barred under the Blockburger test.
Judgment reversed.
BLACKBURN, P.J., and ELLINGTON, J., concur.
NOTES
[1] Stepp was otherwise convicted of violating the DeKalb County Ordinance by improperly restraining her dog while off her property (Section 5-4), by allowing her dog to run at large when unattended (Section 5-5), and by failing to have her dog vaccinated for rabies (Section 5-17).