S09G0997. STEPP v. THE STATE.
(690 SE2d 161)

MELTON, Justice.

Lekeisha Stepp is the owner of a pit bull which escaped from Stepp's home and mauled a child. Thereafter, Stepp was convicted in DeKalb County Recorder's Court of violating DeKalb County Ordinance § 5-2 (a) regarding animal control, and Stepp was later arrested and charged with a violation of OCGA § 16-5-60 (b) — misdemeanor reckless conduct.[1] Stepp filed a plea in bar on double jeopardy grounds, arguing that her recorder's court conviction barred a subsequent prosecution in state court. The trial court granted the motion, and the Court of Appeals reversed. See *State v. Stepp*, 295 Ga. App. 813 (673 SE2d 257) (2009). We granted Stepp's petition for certiorari in this case with the following questions: (1) Did the Court of Appeals err in holding that the heightened level of culpability required to show violation of OCGA § 16-5-60 (b), as compared to that required to show violation of DeKalb County Ordinance § 5-2 (a), constituted a fact distinguishing the two offenses for double jeopardy purposes? See *Drinkard v. Walker*, 281 Ga. 211, 216, n. 32 (636 SE2d 530) (2006); and (2) If the Court of

---

[1] OCGA § 16-5-60 (b) provides:

A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

Appeals did err, did Stepp's conviction for violation of DeKalb County Ordinance § 5-2 (a) bar her subsequent prosecution for violation of OCGA § 16-5-60 (b)? For the reasons that follow, we conclude that, although the Court of Appeals erred in concluding that the heightened level of culpability for the misdemeanor violation constituted a distinguishing fact for double jeopardy purposes, the Court of Appeals was ultimately correct in concluding that Stepp's subsequent prosecution was not barred by double jeopardy. We therefore affirm.

In reaching its decision, the Court of Appeals incorrectly applied the test from *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932),[2] holding that the different levels of culpability required to support a conviction under the DeKalb ordinance ("ordinary care") and the Georgia statute ("gross deviation from the standard of care") meant that each of these laws required proof of a *fact* which the other did not in order to support a conviction. *Stepp*, supra, 295 Ga. App. at 815. As we explained in *Drinkard v. Walker*, supra, however,

> [t]he "required evidence" test [of *Blockburger*] applies *strictly* within the context of determining whether multiple convictions are precluded because one of the crimes was "established by proof of the same or less than all the facts" that were required to establish the other crime under OCGA § 16-1-6 (1). There are additional statutory provisions concerning prohibitions against multiple convictions for closely related offenses that are not at issue here. These provisions include: OCGA § 16-1-6 (1) (*one crime is included in the other where it is established by "proof of . . . a less culpable mental state"*); OCGA § 16-1-6 (2) (one crime is included in the other where it differs only in that it involves a "less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability"); and OCGA § 16-1-7 (a) (2) (precluding multiple convictions where one crime differs from another "only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct"). These other statutory provisions resolve potential gaps in the *Blockburger* "required evidence" analysis which

---

[2] Specifically, under *Blockburger*, "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one [for purposes of double jeopardy], is whether each provision requires proof of a fact which the other does not." (Citation omitted.) Id.

otherwise might support multiple convictions for closely related offenses where multiple convictions are unwarranted.

(Emphasis supplied.) Id. at 216, n. 32. Thus, to the extent that the Court of Appeals reasoned that the different culpable mental states required for convictions under the DeKalb County ordinance and the reckless conduct statute constituted different "facts" that would satisfy the *Blockburger* "required evidence" test for multiple offenses, the Court of Appeals erred. Indeed, different culpable mental states are not distinguishing "facts" that would satisfy the *Blockburger* required evidence test, as supplemented by Georgia law, to show that multiple convictions existed. See OCGA § 16-1-6 (1). To the contrary, the different mental states required to be proven would show that one crime was included in the other as a matter of law, not that the crimes would be separate for purposes of double jeopardy. See id. (one crime is included in the other where it is established by "proof of . . . a less culpable mental state").

This does not mean, however, that the mauling incident involving Stepp's dog only constituted one offense for purposes of the DeKalb County ordinance and the Georgia reckless conduct statute. Indeed, when the *Blockburger* "required evidence" test is properly applied in this case, it becomes clear that under the ordinance and the statute involved here, the State was required to prove different "facts" that would make each of the offenses distinct. DeKalb County Ordinance § 5-2 (a) states:

It shall be the duty of every owner of an animal to take all necessary steps and precautions to protect other people, property, and other animals from injury or damage resulting from such animal's behavior, including, but not limited to, chasing, biting, or otherwise jeopardizing the safety or welfare of the public, regardless of whether such behavior is motivated by mischievousness, playfulness, or ferocity.

Thus, in order to convict Stepp under the ordinance, two facts must be proven: (1) Stepp's ownership of the animal involved; and (2) Stepp's negligence in the handling of the animal (i.e., her failure to "take all necessary steps and precautions to protect other people . . . from injury or damage resulting from such animal's behavior"). Pursuant to the reckless conduct statute,

[a] person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission

will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

OCGA § 16-5-60 (b). In order to convict Stepp under this statute, the two facts that must be proven are (1) conscious disregard for the bodily safety of another person; and (2) causing actual bodily harm. Accordingly, although the offenses here, as charged, are overlapping, each requires proof of a fact that the other does not. Specifically, a violation of the DeKalb ordinance requires proof of ownership of the animal (whereas the reckless conduct statute does not), and a violation of the reckless conduct statute requires proof of actual bodily harm being caused (which the ordinance does not). As such, Stepp's conviction under the ordinance would not bar her subsequent prosecution under the reckless conduct statute. See *Drinkard*, supra, 281 Ga. at 217.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

*Jennifer W. DeBaun*, for appellant.
*Robert D. James, Jr., Solicitor-General, Sophia E. Haynes, Assistant Solicitor-General*, for appellee.