## A11A1380. DAHLMAN v. THE STATE.
### (716 SE2d 538)

ANDREWS, Judge.

Calvin Harold Dahlman was found guilty by a jury of manufacturing methamphetamine in violation of OCGA § 16-13-30 (b) and possession of substances with the intent to use them to manufacture methamphetamine in violation of OCGA § 16-13-30.5 (a). He claims on appeal that the evidence was insufficient and that the trial court erred by refusing to merge the conviction for possession with intent to manufacture into the conviction for manufacturing. We find that the evidence was sufficient, that the convictions did not merge, and affirm.

1. Pursuant to a warrant, police searched the residence where Dahlman lived and found a clandestine laboratory for the manufacture of methamphetamine (a meth lab). After being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Dahlman told police that all the evidence recovered from the rear bedroom of the residence belonged to him. Police officers experienced in identifying the components of a meth lab found various items and substances commonly used to manufacture methamphetamine in the rear bedroom and the adjacent bathroom. Dahlman testified and admitted that he used methamphetamine, but he denied that the rear bedroom or the bathroom was being used as a meth lab. Although Dahlman admitted that he owned the various items and substances identified as meth lab components, he claimed that he used them only for work he did around the residence. Evidence showed that some of the substances had been combined in containers, and a forensic chemist from the Georgia Bureau of Investigation Crime Lab testified that a liquid substance found in the residence tested positive for methamphetamine. The evidence was sufficient for the jury to find beyond a reasonable doubt that Dahlman was guilty of manufacturing methamphetamine in a meth lab at the residence, and was guilty of possessing substances with the intent to use them to manufacture methamphetamine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dahlman contends that manufacturing methamphetamine in violation of OCGA § 16-13-30 (b) necessarily included possession of the substances used in the manufacturing process in violation of OCGA § 16-13-30.5 (a) (1), therefore both offenses arose from the same conduct and merged under the Fifth Amendment double jeopardy clause.

OCGA § 16-13-30 (b) provides that "it is unlawful for any person to manufacture . . . any controlled substance" including methamphetamine. OCGA § 16-13-30.5 (a) (1) provides that "[i]t shall be illegal for a person to possess, whether acquired through theft or other means, any substance with the intent to . . . [u]se such substance in the manufacture of a . . . Schedule II controlled substance" including methamphetamine.

The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The substantive aspect of the protection afforded under the double jeopardy clause prohibits multiple convictions or punishments arising from the same conduct. *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006). As to the substantive bar of double jeopardy, OCGA § 16-1-7 (a) provides in relevant part that,

> [w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other. . . .

Under OCGA § 16-1-6 (1), one crime is "included in" another crime where " '[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime].' " *Drinkard*, 281 Ga. at 213. To determine under OCGA § 16-1-6 (1) whether convictions under two criminal provisions merge because one is included in the other, the "required evidence" test is used to determine "whether each provision requires proof of a fact which the other does not." Id. at 215 (citation and punctuation omitted). As explained in *Drinkard*,

> the important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.

Id. at 216.

Even if it is possible for both offenses at issue to be committed by the same conduct, in this case evidence showed that Dahlman committed the charged offenses by separate acts occurring at different times. The search of the residence produced evidence which showed that Dahlman had already completed the manufacture of

methamphetamine, and other evidence which showed that, at the time of the search, he possessed substances with the intent to use them to manufacture more methamphetamine in the future. Because the separate offenses for which Dahlman was convicted did not arise from the same conduct, he was not placed in double jeopardy and the convictions did not merge. *Waits v. State*, 282 Ga. 1, 4 (644 SE2d 127) (2007); *Ledford v. State*, 289 Ga. 70, 71-72 (709 SE2d 239) (2011).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED AUGUST 23, 2011.

*Teddy L. Henley*, for appellant.
*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.