**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**November 28, 2012**

# In the Court of Appeals of Georgia

A12A1017. STUART v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Zorie W. Stuart of rape, aggravated child molestation, and child molestation, and the trial court sentenced him to life in confinement. Stuart argues on appeal that the trial court erred in failing to instruct the jury that statutory rape is a lesser included offense of rape. For the reasons that follow, we affirm.

During the charge conference, the trial court reviewed each of Stuart's requests to charge. In response to the court's recitation of the requested charge "Lesser Offense, of Statutory Rape,"[1] the State objected because the elements of proof differ for the two crimes. After the State made its argument, the trial court asked Stuart, "What do you say?" Stuart responded, "I have nothing to say. I believe that's a correct statement of the law, that in statutory rape you do have to prove age. And you don't

---

[1] Stuart's requests to charge consisted of a one-page list of eight pattern charges described by their section and title, which included charges on "Lesser Offense," "Statutory Rape," and "Statutory Rape; Corroboration of Victim."

in rape." The trial court agreed with the State's analysis, holding that statutory rape "could not be a lesser included offense [of rape] [b]ecause there is one element in statutory [rape] that is not in forcible rape." The trial court stated that the juror will "either find that there was force, or they [will] find that there was not force. If they [find] there was not force, then they will find him not guilty of rape," and that it would not give the defendant's charge related to "the lesser offense of statutory rape." After the court completed its charge to the jury and asked for objections, Stuart responded, "No objections, Judge."

On appeal, Stuart argues that the trial court erred in failing to instruct the jury that statutory rape is a lesser included charge of rape. "[U]nder OCGA § 17-8-58 (b), appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011). Here, neither Stuart nor the State address the fact that, during the charge conference, Stuart affirmatively agreed with the State that the charge was unwarranted, and Stuart does not argue that the failure to charge on statutory rape was plain error, only that it was error.

Nonetheless, the appellate courts "will review properly enumerated and argued claims of jury instruction error regardless of whether the appealing party specifically

casts the alleged infirmity as 'plain error,' " although failing to articulate how the alleged error satisfies the high standards required to establish plain error increases the likelihood that we will reject the claim. Id. at fn. 2; *White v. State*, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012) (court reviews allegation of jury instruction error despite lack of objection, "provided the enumeration of error is properly enumerated and argued on appeal.").

In conducting a plain error review, we consider first whether the record establishes "an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant." (Punctuation omitted.) *State v. Kelly*, 290 Ga. at 33 (2) (a). If so, we then consider whether the error was clear or obvious, whether it likely affected the outcome of the trial, and whether we should exercise our discretion to remedy the error. Id.

Here, the trial court did not err in failing to give the jury charge because "[s]tatutory rape is not a lesser included offense of forcible rape." *Mangrum v. State*, 285 Ga. 676, 680 (5) (681 SE2d 130) (2009). A conviction of statutory rape requires proof that the victim was under the age of consent, while a conviction of rape requires proof of force, regardless of the victim's age. *Grayer v. State*, 176 Ga. App. 248, 249

(335 SE2d 483) (1985). Thus, the record does not establish an error or defect, and we need not decide whether Stuart's actions at trial constituted an intentional relinquishment of a right, which would waive review, or merely a forfeiture of the right, which would not. See *Shank v. State*, 290 Ga. 844, 845 (2) (725 SE2d 246) (2012); *Cheddersingh v. State*, 290 Ga. 680, 684 (2) (724 SE2d 366) (2012).

Stuart cites *Hill v. State*, 295 Ga. App. 360 (671 SE2d 853) (2008) for the proposition that statutory rape is a lesser included offense of forcible rape. *Hill*, however, was incorrectly decided and must be overruled. In *Hill*, this court affirmed a statutory rape conviction after the trial court charged the jury over objection that statutory rape was a lesser-included offense of rape. Id. at 363-364 (2). We held that the factual allegation that the victim was 16, which was included in the indictment in a separate child molestation count, put Hill on sufficient notice that he could be convicted of statutory rape, and further held that the actual evidence presented at trial established the offense. Id. This ruling is at odds with the Georgia Supreme Court's holding in *Mangrum*, 285 Ga. at 680 (5), and is therefore overruled.

The ruling in *Hill* also conflicts with the Georgia Supreme Court's holding in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), in which the court disapproved the "actual evidence" test for determining when one offense is included

4

in another under OCGA § 16-1-6 (1), and adopted the "required evidence" test. Under the "required evidence" test, the question is not whether the evidence actually presented at trial establishes the elements of the lesser crime, but whether each offense requires proof of a fact which the other does not. Id. at 215-217.

As the *Drinkard* court noted, the crime of rape requires that the State prove that the defendant had carnal knowledge of the victim, forcibly and against her will. Id. at 213. Proof of force is not required, however, to prove the offense of statutory rape. *Hightower v. State*, 256 Ga. App. 793, 796-797 (2) (570 SE2d 22) (2002). And because the crime of statutory rape requires the State to prove that a victim is under the age of 16 and not the defendant's spouse in addition to sexual intercourse, statutory rape requires proof of additional facts, not the same or less than all the facts, required to prove rape. *Drinkard*, 281 Ga. at 213. Accordingly, the Supreme Court concluded that Drinkard's attorney was not ineffective for failing to argue that the two offenses should merge. Id. at 217.

Although decided two years after *Drinkard*,[2] the *Hill* case incorrectly applied the actual evidence test to determine that the trial court did not err in charging the jury

---

[2] We note that *Hill* even cited *Drinkard* for another proposition of law. *Hill*, 295 Ga. App. at 364 (3).

that it could find Hill, who had been charged with rape, guilty of the lesser-included offense of statutory rape even if the required evidence test was not met. *Hill*, 295 Ga. App. at 363 (1). The *Hill* court found that "[e]ven if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense *are sufficient to establish the lesser offense as well*." (Citation and footnote omitted; emphasis supplied.) *Hill*, 295 Ga. App. at 363 (1).[3] Thus, in *Hill,* we improperly applied a test specifically rejected by the Supreme Court in *Drinkard* to determine whether statutory rape was a lesser included offense of the crime of rape. For this reason also, *Hill* is overruled.

To the extent that *King v. State*, 295 Ga. App. 865, 867 (2) (673 SE2d 329) (2009) adopts *Hill*'s proposition that a defendant may be convicted of a lesser offense if the facts alleged throughout the indictment and the evidence presented at trial establish the elements necessary to convict on the lesser offense, it is also overruled.

---

[3] The *Hill* opinion was quoting this Court's case in *Stulb v. State,* 279 Ga. App. 547, 549 (1) (631 SE2d 765) (2006), a case decided prior to *Drinkard*. The *Stulb* case, in turn, relied upon a line of cases that emanated from *Pryor v. State*, 238 Ga. 698 (234 SE2d 918) (1977). *Drinkard*, however, specifically overruled *Pryor* and its application of the "actual evidence" test. *Drinkard*, 281 Ga. at 217, n. 38.

6

Finally, in *Dinkler v. State*, 305 Ga. App. 444, 448 (1), n. 2 (699 SE2d 541) (2010), this Court held incorrectly that the "required evidence" test does not apply when considering the propriety of giving a jury charge on a lesser-included offense, only when considering whether multiple convictions are precluded, citing *Stepp v. State*, 286 Ga. 556 (690 SE2d 161) (2010). But this conclusion is based on the misreading of a *Drinkard* footnote and of *Stepp*. The court in *Drinkard* clarified in a footnote that "[t]he 'required evidence' test applies strictly within the context of determining whether multiple convictions are precluded because one of the crimes was 'established by proof of the same or less than all the facts' that were required to establish the other crime under OCGA § 16-1-6 (1)." *Drinkard*, 281 Ga. at 216, n. 32. Thus, the Court noted, the test does not apply in the context of Georgia's "additional statutory provisions concerning prohibitions against multiple convictions for closely related offenses that are not at issue here." Id. Thus, the "required evidence" test is not applied when considering

> OCGA § 16-1-6 (1) (one crime is included in the other where it is established by "proof of ... a less culpable mental state"); OCGA § 16-1-6 (2) (one crime is included in the other where it differs only in that it involves a "less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability"); and OCGA § 16-1-7 (a) (2) (precluding multiple convictions where one crime

7

differs from another "only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct").

Id. In this footnote, therefore, the Supreme Court was merely distinguishing the portion of OCGA § 16-1-6 (1)[4] regarding crimes established by proof of the same or less than all the *facts* from other provisions of Georgia law, including the portion of OCGA § 16-1-6 (1) regarding crimes established by a less culpable mental state. This conclusion is consistent with the *Stepp* case, which found that the "required evidence" test does not apply when considering crimes requiring proof of different levels of culpability. *Stepp*, 286 Ga. at 556 (ordinary care v. gross deviation from the standard of care).

---

[4] OCGA § 16-1-6 provides:

An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when:

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

8

The footnote was not intended to otherwise limit the application of the "required evidence" test in considering whether one crime is "established by proof of the same or less than all the facts" of the other, and does not preclude the application of the test when considering whether jury charges are appropriate. Therefore, *Dinkler* is overruled to the extent it holds otherwise.

Accordingly, as the trial court did not err in declining to charge the jury on the statutory rape, we affirm the convictions.

*Judgment affirmed. Ellington, C. J., Miller, P. J, Phipps, P. J., Doyle, P. J., Andrews, Adams, Dillard, McFadden, Boggs, Ray, Branch, JJ., concur.*