**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 29, 2014**

# In the Court of Appeals of Georgia

A14A0898. CANTRELL v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Christopher Cantrell was convicted of child molestation, incest, and statutory rape. On appeal he challenges the trial court's charge to the jury that it could "consider outcry statements made by a child as corroborative evidence." He did not object to that charge at trial, so his burden here is to show plain error. He cannot carry that burden because his challenge to that charge entails a challenge to the soundness of existing case law which supports it. Accordingly, we affirm.

OCGA § 16-6-3 (a) provides that "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim." Cantrell argues that to allow

outcry statements to corroborate statutory rape defies the plain meaning of the statutory rape law. Therefore, he argues, the trial court committed plain error by instructing the jury that the victim's outcry statements were corroborative evidence.

In order to show plain error in the giving of a jury instruction, a defendant must show "that the . . . charge was erroneous, the error was obvious, the . . . charge likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Johnson v. State*, __ Ga. ___, ___ (2) (759 SE2d 837) (2014) (citation omitted). Cantrell has not met this standard because he has not shown that any error in the jury charge was obvious.

We have expressly held that "a child-victim's prior consistent statements, as recounted by third parties to whom such statements were made, can constitute sufficient substantive evidence of corroboration in a statutory rape case." *Ogles v. State*, 218 Ga. App. 92, 93 (1) (b) (460 SE2d 866) (1995) (citation and punctuation omitted). See also *Hill v. State*, 295 Ga. App. 360, 361-362 (1) (671 SE2d 853) (2008), overruled on other grounds by *Stuart v. State*, 318 Ga. App. 839 (734 SE2d 814) (2012); *Turner v. State*, 223 Ga. App. 448, 450 (2) (477 SE2d 847) (1996); *Long v. State*, 189 Ga. App. 131, 132 (1) (375 SE2d 274) (1988). Pretermitting the merits of Cantrell's argument that to allow outcry statements to corroborate statutory rape

defies the plain meaning of the statutory rape law, "[g]iven that [our] case law runs contrary to [Cantrell's] position, it cannot be seriously contended that the trial court committed clear or obvious error as required by the second prong of the plain error analysis." *Wilson v. State*, 291 Ga. 458, 460 (729 SE2d 364) (2012) (citation and punctuation omitted).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.