**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 9, 2016**

# In the Court of Appeals of Georgia

A16A0547. ZAMUDIO v. THE STATE.                                    DO-019 C

DOYLE, Chief Judge.

This is the second appearance of this case before this Court. In 2015, this Court affirmed the judgments of conviction of Antonio Jesus Zamudio and his co-defendant for attempted murder,[1] aggravated assault,[2] aggravated battery,[3] and a violation of the Georgia Street Gang Terrorism and Prevention Act, OCGA §§ 16-15-4 (a), 16-15-3 (1) (J) ("Street Gang Act").[4] This Court vacated the defendants' sentences and remanded for resentencing after holding that the trial court erred by merging the

---

[1] OCGA §§ 16-4-1, 16-5-1 (a).

[2] OCGA § 16-5-21 (b) (2).

[3] OCGA § 16-5-24 (a).

[4] See *Zamudio v. State*, 332 Ga. App. 37 (771 SE2d 733) (2015).

defendants' aggravated battery counts into the attempted murder counts.[5] Having been resentenced, Zamudio appeals, arguing that the trial court erred by failing to merge the aggravated battery count into the gang activity count. For the reasons that follow, we affirm.

After remand, the trial court held a resentencing hearing and merged Count 2 (Criminal Attempt to Commit Murder) and Count 3 (Aggravated Assault) into Count 4 (Aggravated Battery). At the resentencing hearing, Zamudio argued that Count 4 (Aggravated Battery) should merge into Count 1 (Violation of the Street Gang Act) because Count 4 was a predicate act for Count 1. The trial court declined to merge the counts, sentencing Zamudio to 20 years to serve 10 in incarceration for Count 1 and 15 years to serve 10 in incarceration for Count 4 to run concurrent to Count 1.

Zamudio argues that the trial court erred by declining to merge Count 4 into Count 1. He maintains that the Legislature failed to include language prohibiting courts from merging gang activity convictions, and therefore, the general rules of merger as required under *Drinkard v. Walker*,[6] and as codified in OCGA § 16-1-7 apply to require merger in this case.

---

[5] See id. at 48 (7).

[6] 281 Ga. 211, 215, 217 (636 SE2d 530) (2006).

After briefing in this case, this Court decided *Nolley v. State*,[7] in which this Court held that by enacting OCGA § 16-15-4 (m), the Legislature had determined that predicate acts for any offenses listed in the Street Gangs Act do not merge with the separately charged violation of the Street Gangs Act.[8] Accordingly, this enumeration is without merit.

*Judgment affirmed. Andrews, P. J. and Ray, J., concur.*

---

[7] 335 Ga. App. 539 (782 SE2d 446) (2016).

[8] See id. at 544-545 (2).