## A99A2214. GOSIER v. THE STATE.
### (526 SE2d 890)

ELDRIDGE, Judge.

Appellant Gregory Gosier appeals from his conviction for violation of the Georgia Controlled Substances Act.

Viewed in a light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows the following: On September 2, 1997, Sergeant Calvin Little of the Quitman Police Department conducted an undercover drug operation. Officer Gail Crenshaw of the Colquitt County Drug Task Force was the undercover officer for the operation and was assisted by Willie James Knight, a confidential informant ("CI"). Prior to sending Officer Crenshaw and the CI out to attempt to purchase drugs, Sergeant Little searched both the vehicle that was to be used in the undercover drug operation and the CI for contraband. Sergeant Lit-

---

[6] Id., citing *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996).

tle also installed video equipment in the vehicle.[1]

During the undercover operation, Officer Crenshaw drove the vehicle, and the CI sat in the front passenger seat. After leaving Sergeant Little, they drove directly to Laurel Street. At the corner of Laurel Street and Hall Street they observed the appellant sitting on the steps outside his home. Officer Crenshaw stopped the vehicle, and the CI exited the vehicle and approached the appellant. After a short conversation, the CI purchased cocaine from the appellant. Officer Crenshaw testified that she was able to observe the CI during the entire time he purchased the cocaine from appellant.

After purchasing the cocaine, the CI immediately returned to the vehicle and gave the cocaine to Officer Crenshaw. Officer Crenshaw placed the cocaine in a brown envelope and wrote on the front of the envelope the date, time, and location at which the buy occurred, the name of the appellant, and a description of the appellant. After making radio contact with Sergeant Little and informing him that a drug buy had been completed, Officer Crenshaw and the CI met Sergeant Little without attempting to make any additional drug purchases. Officer Crenshaw turned the brown envelope which contained the cocaine over to Sergeant Little.

On September 5, 1997, Sergeant Little delivered the brown envelope containing the cocaine to Gail Paine, a forensic chemist with the Georgia Bureau of Investigation Crime Laboratory ("GBI Crime Lab"). Sergeant Little testified that the brown envelope containing the cocaine remained in his custody and control from the time he received it from Officer Crenshaw until he turned it over to the GBI Crime Lab for testing. Paine testified that after performing several tests on the substance in the brown envelope she concluded that it was, in fact, 0.1 gram of cocaine. Paine testified that the brown envelope and the cocaine remained in her custody and control from the time she received it from Sergeant Little until she brought it into court on the day of trial.

1. Appellant alleges that the trial court erred in overruling defense counsel's objection to the admission of the brown envelope and the cocaine (State's Exhibit 1) into evidence. Appellant argues that the alleged drug purchase in this case was not a proper "controlled buy." Specifically, appellant argues that there is a disparity in the testimony of the State's witness and the police report in the amount of time it took to complete the controlled buy. The police report stated that the controlled buy took 25 minutes. However, the CI and Officer Crenshaw testified that the controlled buy was accom-

---

[1] Sergeant Little testified that a video recording of the drug purchase was not made because the wire that supplied power to the videocamera came loose.

plished in less time. Appellant alleges that, because of the disparity in time, the CI could have driven anywhere in town and purchased drugs from people other than the appellant.

We find appellant's argument without merit. The evidence is uncontroverted that: (1) the CI and the vehicle were searched for contraband; (2) the CI and Officer Crenshaw were together or the CI was in Officer Crenshaw's view from the time they left Sergeant Little until they met him again after the drug buy was completed; (3) the CI immediately turned the purchased cocaine over to Officer Crenshaw when the CI returned to the vehicle; (4) the controlled buy involving appellant was the only attempt Officer Crenshaw and the CI made to buy drugs prior to turning the cocaine over to Sergeant Little; and (5) the drugs remained in Officer Crenshaw's possession in the brown envelope until she delivered it to Sergeant Little. Hence, under the facts of this case, any discrepancy in the time the witnesses stated that it took to complete the drug buy and the time stated on the police report is irrelevant as to the admissibility into evidence of the brown envelope and the cocaine. Any discrepancy between the witnesses' testimony and the police report went only to the weight and credibility of their testimony. It was a matter for defense counsel to show through cross-examination of the witnesses that the CI had an opportunity to obtain the cocaine from another source and did so.

Further, "the admission of evidence is a matter which rests largely within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *McBee v. State*, 228 Ga. App. 16 (491 SE2d 97) (1997). There was not an abuse of the trial court's discretion in admitting the brown envelope and the cocaine (State's Exhibit 1) into evidence.

2. The appellant also contends that the trial court erred in denying his motion for a directed verdict of acquittal and that the evidence adduced at trial was insufficient to support his conviction.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.

(Citations and punctuation omitted.) *Cantrell v. State*, 230 Ga. App. 693, 694-695 (1) (498 SE2d 90) (1998).

> On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a

presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]

*Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, supra. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense for which he was convicted. Id.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 9, 1999.

*George A. Bessonette*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.