A10A1074. GARRETT v. THE STATE.
(703 SE2d 666)

ADAMS, Judge.

Willie Frank Garrett was convicted of several crimes in connection with an altercation with peace officers while he was incarcerated at the Floyd County jail. On appeal, he contends two of the counts should have been merged into a third for the purpose of sentencing.

Construed in favor of the verdict, the evidence shows that on July 9, 2004, Garrett was upset with Deputy Chris Hall, and he became abusive and threatened to harm Hall. Hall escorted Garrett back to his cell by the arm, and Garrett continued to curse and threaten Hall. For safety reasons, Hall and two other deputies tried to restrain Garrett so that he could be taken to solitary confinement.

During that effort, Garrett got Hall in a "bear-hug" which "cut the air off of [his] breathing." Over Garrett's resistance, the deputies got handcuffs on one of Garrett's arms. Garrett then struck Hall in the face with the handcuffs and further attacked Hall before deputies were able to restrain him. Hall was injured on his face, head, chest, arms, and knees.

Garrett was tried by a jury and found guilty on seven counts of criminal conduct. He contends that both Count 3 — aggravated assault — and Count 6 — obstruction of an officer — should be merged into Count 4 — aggravated assault upon a peace officer — because they were all proven with the same facts. This argument implicates the *Blockburger* "required evidence" test:

> (t)he "required evidence" test . . . applies *strictly* within the context of determining whether multiple convictions are precluded because one of the crimes was "established by proof of the same or less than all the facts" that were required to establish the other crime under OCGA § 16-1-6 (1).

(Citation omitted; emphasis in original.) *Stepp v. State*, 286 Ga. 556, 557 (690 SE2d 161) (2010) (contrasting certain "additional statutory provisions concerning prohibitions against multiple convictions for closely related offenses"), quoting *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). See also *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932).

Under the required evidence analysis, "the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not. [Cit.]" *Drinkard v. Walker*, 281 Ga. at 215. See also OCGA § 16-1-6 (1).

(a) In Count 3, Garrett was charged with aggravated assault for assaulting Hall "with an object which was likely to result in serious bodily injury to said person, to wit: the hands, arms and body of the accused choking said person." In Count 4, he was charged with the exact same aggravated assault — assaulting Hall "with an object which was likely to result in serious bodily injury to said person, to wit: The hands, arms and body of the accused choking said person," but this time with the added allegation that he did so "knowing said person was a peace officer and correctional officer engaged in the performance of his official duties."

Aggravated assault is defined in OCGA § 16-5-21 (a). Aggravated assault on a peace officer is found in OCGA § 16-5-21 (c). It is a separate and distinct crime from aggravated assault, but the only difference is that knowledge of the fact that the victim was a police

officer is an essential element of the crime. See *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455) (1981). Here, the physical act as charged, as well as the victim, were the same for both counts. The only required proof that differed in Count 4 was the proof that Garrett knew he was assaulting a police officer. Thus the conviction on Count 3 was "established by proof of the same or less than all the facts" that were required to establish the conviction on Count 4. The two crimes must be merged for sentencing.

(b) In Count 6, Garrett was charged with obstruction of an officer in that he did "knowingly and willfully obstruct, resist and oppose [Hall and another officer], a law enforcement officer and correctional officer . . . by offering and doing violence to the person of said officer. . . ." Here Garrett argues that the conviction of obstruction should merge into the conviction of aggravated assault on a peace officer because the former is included in the other in violation of OCGA §§ 16-1-7 (a) (1) and 16-1-6 (1). But merger is not required where the two crimes "are based on more than one separate act or transaction." *Yates v. State*, 298 Ga. App. 727, 730 (3) (681 SE2d 190) (2009). "[I]f one crime is complete before the other takes place, the two crimes do not merge." (Citation and punctuation omitted.) *John v. State*, 282 Ga. 792, 795 (6) (653 SE2d 435) (2007).

Here, the evidence shows that Garrett first choked Hall then separately hit him with the handcuffs. Thus the trial judge was authorized to conclude that the choking and the beating with the handcuffs were separate completed crimes. See, e.g., *Yates*, 298 Ga. App. at 731, and cases cited therein. The court was not required to merge Count 6 into Count 4.

Accordingly, we vacate the conviction on Count 3 and the sentence on Count 4 and remand for resentencing consistent with this opinion. See *Coleman v. State*, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009) (same remedy); *Taylor v. State*, 304 Ga. App. 395, 399 (1) (696 SE2d 686) (2010) (vacating conviction and sentence); *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010) (claim that conviction merged is a claim challenging conviction not just sentence).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 13, 2010.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.