### A10A1740. BARCLAY v. THE STATE.
(702 SE2d 907)

MILLER, Chief Judge.

A jury convicted Jerry Barclay of two counts of child molestation (OCGA § 16-6-4 (a) (1)), Counts 1 and 5, respectively, two counts of aggravated child molestation (OCGA § 16-6-4 (c)), Counts 2 and 3, respectively, and one count of aggravated sodomy (OCGA § 16-6-2 (a) (2)), Count 4. Barclay appeals contending that the trial court erred (i) in admitting the videotaped interview of his three-year-old son, C. B., and (ii) in failing to merge Counts 1, 2, and 4 into Count 3 as a matter of fact and law.

"[T]he admission of evidence is a matter which rests largely within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *Gosier v. State*, 241 Ga. App. 384, 386 (1) (526 SE2d 890) (1999).

Viewed in the light most favorable to the verdict (*Cross v. State*, 285 Ga. App. 518, 519 (646 SE2d 723) (2007)), the evidence shows that Barclay's eight-year-old stepdaughter, A. R. H., told her aunt and father that Barclay had fondled her anus and vagina during the two-year period she lived with Barclay and her mother. Her aunt called the Wilkinson County Department of Family and Children Services ("DFCS") to report what A. R. H. said had been done. After receiving the aunt's complaint, DFCS workers had A. R. H. and C. B. interviewed on videotape by specially trained personnel and examined by a doctor to determine if they had been sexually abused. During her interview and at trial, A. R. H. confirmed that Barclay had touched her vaginal and anal areas inappropriately. When C. B. was interviewed, he stated that Barclay had "hurt his bootie." A

medical examination of C. B. revealed anal scarring consistent with sexual abuse. Police investigation and Barclay's arrest and prosecution followed.

1. Barclay contends that the trial court abused its discretion in admitting into evidence the videotaped interview of his three-year-old son, C. B. We disagree.

The Child Hearsay Statute as set out in OCGA § 24-3-16 provides that the out-of-court statement of a

> child under the age of 14 years describing any act of sexual contact or physical abuse performed with . . . the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Although C. B. was available to testify and did so subject to cross-examination which was declined, the trial court conducted a *Gregg* hearing to determine whether the videotaped interview of C. B. should be admitted in evidence. See *Gregg v. State*, 201 Ga. App. 238, 240 (3) (a), (b) (411 SE2d 65) (1991) (child's out-of-court statement properly admitted if supported by sufficient evidence of indicia of reliability based upon such factors as the circumstances under which the statement was made, the child's age and general demeanor, whether the statement was voluntarily given or given upon coaching, the nature of the child's statement as consistent with that of a child, and/or with other out-of-court statements).

Here, the trial court viewed the videotape and based on the evidence adduced at its hearing, found that it reflected the requisite degree of trustworthiness; that C. B. spontaneously gave the interview; that C. B. was interviewed by a qualified forensic interviewer who was not employed as a law enforcement officer; that coaching was not indicated; and that C. B. used the word "bootie" knowingly in reference to his buttocks. The *Gregg* factors are to be "applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." (Citations and punctuation omitted.) *Ferreri v. State*, 267 Ga. App. 811, 813 (600 SE2d 793) (2004). "A trial court has broad discretion to determine the admissibility of [child hearsay], and we will not reverse its ruling absent an abuse of discretion." (Footnote omitted.) *Simmons v. State*, 291 Ga. App. 642, 644 (1) (662 SE2d 660) (2008). We find no abuse of discretion upon the admission of the complained of videotape in this case. Id.; *Gosier*, supra, 241 Ga. App. at 386 (1).

Accordingly, the instant claim of error is without merit.

2. Further, Barclay contends, and the State concurs, that the trial court erred in failing to merge Counts 1, 2, and 4 into Count 3 as a matter of fact and law. We agree.

The "required evidence test" is applicable as to whether merger is proper on sentencing. Specifically, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006); OCGA § 16-1-6 (1).

Count 1 (child molestation) alleged that Barclay intentionally exposed his penis in the immediate presence of C. B., a child under 16, with the intent to arouse Barclay's sexual desires. Count 2 (aggravated child molestation) alleged that Barclay had anal intercourse with C. B., a child under 16, with the intent to arouse Barclay's sexual desires, such act involving an act of sodomy, namely Barclay's sex organ and C. B.'s anus. Count 3 (aggravated child molestation) alleged that Barclay had anal intercourse with C. B., a child under 16, with the intent to arouse Barclay's sexual desires, said act causing physical injury to C. B. Count 4 (aggravated sodomy) alleged that Barclay had anal intercourse with C. B., said act involving Barclay's penis and the anus of C. B., a child under the age of ten, said act being done with force and against C. B.'s will. Each of the charges was alleged to have occurred in the same time frame, and it is undisputed that the offenses arose out of the same conduct of Barclay. Clearly, Barclay could not be sentenced for both Count 2 and Count 3 since these charged the same offense by alternative means. *Hogan v. State*, 178 Ga. App. 534, 535-536 (343 SE2d 770) (1986). Count 1 is a lesser included offense of Count 2 (*Foster v. State*, 254 Ga. App. 255, 255-256 (2) (562 SE2d 191) (2002)), and Count 2 merges into Count 3. *Drinkard*, supra, 281 Ga. at 215. Finally, because proof of sodomy as alleged by Count 4 was necessary to prove aggravated child molestation as alleged by Count 3, Count 4 merges with Count 3. *Howard v. State*, 281 Ga. App. 797, 803 (4) (637 SE2d 448) (2006).

In light of the foregoing, we vacate the conviction and sentence for aggravated sodomy and remand the case for resentencing with direction to merge Counts 1, 2, and 4 into Count 3.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 2010.

*L. Elizabeth Lane*, for appellant.

*Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney*, for appellee.