**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 10, 2015**

# In the Court of Appeals of Georgia

A14A1721. CARVER v. THE STATE.

McFADDEN, Judge.

After a jury trial, Billy Jim Carver was convicted of one count of aggravated child molestation, two counts of child molestation, and one count of exhibiting pornography to a minor. Carver appeals, arguing that the trial court erred by refusing to allow him to ask a particular question during voir dire, but we find that the court did not abuse his discretion. Carver also argues that the trial court erred by refusing to allow him to call a witness who, he contends, could have been the perpetrator, but that ruling was also within the scope of the trial court's discretion. Finally Carver argues that the trial court should have merged the aggravated child molestation and child molestation convictions, but because the convictions were based on separate

and distinct acts, the trial court did not err in failing to merge them. We therefore affirm.

1. *Facts.*

On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted).

Viewed in this light, the evidence showed that in the summer of 2008, Carver occasionally babysat the male victim, who was eight years old at the time. At first, Carver talked to the victim about sex. Then he showed the victim pornographic movies. This escalated to Carver masturbating the boy, having the boy masturbate him, performing oral sex on the boy, having the boy perform oral sex on him, penetrating the boy anally, and having the boy penetrate him anally. The evidence, including the testimony of the victim who was 12 years old at the time of trial, was sufficient to support the convictions.

2. *Voir dire.*

Carver argues that the trial court impermissibly limited his questioning of potential jurors during voir dire. Defense counsel sought to ask, "Do any of you think children lack the worldly knowledge to bring this kind of allegation?" The state objected on the ground that the question concerned the credibility of a witness, and the court sustained the objection.

To obtain reversal on this ground, Carver's burden is high:

> Since there is often a fine line between asking potential jurors how they would decide the case and questions that merely seek to expose bias or prejudice, the scope of the voir dire examination, of necessity, must be left to the sound discretion of the trial court. And this [c]ourt does not interfere with such discretion absent manifest abuse.

*Collins v. State*, 310 Ga. App. 613, 620 (5) (714 SE2d 249) (2011) (citation omitted). Further, "no question should require a response from a juror which might amount to a prejudgment of the case." *McKee v. State*, 275 Ga. App. 646, 647 (2) (621 SE2d 611) (2005) (citation omitted).

Carver argues that the question sought to "ascertain pre-existing leanings or beliefs of potential jurors," not prejudge witness credibility. However, the

3

potential jurors' answer to the question whether they "think children lack the worldly knowledge to bring this kind of allegation," relates directly to their determination of whether the child victim's allegations were believable, and thus, whether the victim was credible. The trial court did not manifestly abuse his discretion in disallowing the question. *Ganas v. State*, 245 Ga. App. 645, 647-648 (2) (537 SE2d 758) (2000) (court did not abuse discretion in disallowing questions about the credibility of witnesses based on their status).

3. *Refusal to allow Carver to call a witness*.

Carver argues that the trial court erred by refusing to allow him to call a particular witness whom he alleged could have been the perpetrator. The court allowed Carver to make a proffer, during which the witness testified that he and the victim's father are friends; that the victim spent the night at his house a few times after 2011; and that in 1998, when the witness was 19 years old, he pled guilty to statutory rape of a 15-year-old girl.

Under Georgia law,

> a defendant is entitled to introduce relevant and admissible testimony tending to show that another person committed the crime for which the defendant is tried. However, the proffered evidence must raise a reasonable inference of the defendant's

4

innocence, and must directly connect the other person with the corpus delicti, or show that the other person has recently committed a crime of the same or similar nature.

*Woodall v. State*, 294 Ga. 624, 632-633 (8) (754 SE2d 335) (2014) (citation omitted). "Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." *Bradford v. State*, 204 Ga. App. 568, 569 (420 SE2d 4) (1992) (citations and punctuation omitted).

We discern no abuse of discretion here. The evidence that, in 1998, when he was 19 years old, the potential witness pled guilty to the statutory rape of a 15-year-old girl does not suggest an inference that he was the man who committed the acts against the victim, an eight-year-old boy, in 2008. "There is simply no logical connection between the acts of [the witness committing statutory rape of a female] and the direct hands-on same-sex child molestation of [the victim ten years later]." Id. Consequently, the trial court did not abuse his discretion in disallowing this evidence.

4. *Merger*.

5

Carver argues that the trial court should have merged his aggravated child molestation and child molestation convictions because they arose from a continuous course of conduct. Carver "ignores the language of the indictment, which based each count on different conduct." *Young v. State*, 327 Ga. App. 852, 861 (6) (a) (761 SE2d 801) (2014). Carver was convicted of count two of the indictment, which charged him with aggravated child molestation for performing anal intercourse on the victim; count five, which charged him with child molestation for having the victim stroke Carver's penis; and count six, which charged him with child molestation for showing the victim pornographic movies. Since each of the counts was for a separate and distinct crime, they did not merge for purposes of sentencing. *Smith v. State*, 320 Ga. App. 408, 413 (2) (a) (740 SE2d 174) (2013).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.