**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: December 19, 2023

S23G0310.  THE STATE v. SHROPSHIRE.

WARREN, Justice.

This case presents the question of whether a unit-of-prosecution analysis or a required evidence analysis should be applied to determine the question of merger as to one count of aggravated child molestation and two counts of child molestation. As both parties now concede, unit-of-prosecution analysis applies to the question of whether the two counts of child molestation merge and required evidence analysis applies when considering the merger of aggravated child molestation and child molestation.  Because the Court of Appeals did not analyze correctly the merger question presented in this case, we vacate that part of the Court of Appeals's judgment and remand the case to the Court of Appeals to reconsider

the merger question applying the correct analysis.[1]

1.  In August 2015, Tony Shropshire was indicted for aggravated child molestation, two counts of child molestation, incest, and first-degree cruelty to children.  At a trial in February 2017, evidence was presented that one night in 2001, Shropshire put his fingers and penis on his five- or six-year-old niece's vagina and licked her vagina.[2]  The jury found Shropshire guilty of all counts, and the trial court sentenced him to serve life in prison for aggravated child molestation and consecutive sentences of 20 years for each count of child molestation, 50 years for incest, and 20 years for cruelty to children.  Shropshire filed a motion for new trial, which was denied.

Shropshire appealed, arguing, among other things, that he should not have been convicted of child molestation because those two counts should have merged into the aggravated child

---

[1] We do not address any other holdings in the Court of Appeals opinion, as they are "outside the scope of the questions posed in granting certiorari." See *Coe v. Proskauer Rose, LLP*, 314 Ga. 519, 530 (878 SE2d 235) (2022).

[2] The niece reported this incident when she was about 15 years old.

molestation conviction. The Court of Appeals applied a unit-of-prosecution analysis to the convictions to answer this question and concluded that the two child molestation counts merged into the aggravated child molestation conviction because the three acts alleged—"touching [the victim's] vagina with his tongue, finger, and penis"—were "'part of a single course of conduct occurring in a relatively short time frame.'" *Shropshire v. State*, 365 Ga. App. 653, 662-663 (878 SE2d 562) (2022) (citation omitted). The court vacated Shropshire's convictions and sentences for aggravated child molestation and child molestation and remanded the case for the trial court to convict and resentence Shropshire on only the single count of aggravated child molestation. See id. at 663.

The State petitioned this Court for a writ of certiorari and we granted the petition, posing the following question:

> Should a unit-of-prosecution analysis, as opposed to a required-evidence analysis, be applied to evaluate whether child molestation merges into aggravated child molestation? See generally *Scott v. State*, 306 Ga. 507 (832 SE2d 426) (2019); *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006).[3]

---

[3] This case was orally argued in this Court on October 17, 2023.

3

2. "'Merger' refers generally to situations in which a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished—convicted and sentenced—for only one of those" criminal charges. *Scott*, 306 Ga. at 509. A unit-of-prosecution analysis, which "requires careful interpretation of the criminal statute at issue to identify the unit of prosecution—the precise act or conduct that the legislature criminalized," should be applied to determine whether "multiple counts of the *same* crime" merge. *Scott*, 306 Ga. at 509 (citation and punctuation omitted, emphasis in original). By contrast, a required evidence analysis, which considers whether each crime "requires proof of a fact which the other does not," applies to a merger analysis "where the same act or transaction constitutes a violation of two distinct statutory provisions." *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). See also *Scott*, 306 Ga. at 509 ("Merger analysis often involves counts charging two *different* crimes. As this Court has made clear, that is the context in which *Drinkard*'s required

4

evidence test is applied.") (emphasis in original).[4]

Here, Shropshire was found guilty of one count of aggravated child molestation and two counts of child molestation. Because the two counts of child molestation charge the same crime, a unit-of-prosecution analysis should be applied to determine if Shropshire's two counts of child molestation merge. See *Scott*, 306 Ga. at 510 (remanding the case for the Court of Appeals to "apply the unit of prosecution for child molestation" to determine if Scott's four counts of child molestation merged). However, child molestation and aggravated child molestation are different crimes. Compare OCGA § 16-6-4 (a) (defining child molestation) with § 16-6-4 (c) (defining

---

[4] The "'required evidence' test applies strictly within the context of determining whether multiple convictions are precluded because one of the crimes was 'established by proof of the same or less than all the facts' that were required to establish the other crime." *Drinkard*, 281 Ga. at 216 n.32. See also OCGA § 16-1-6 (1) (explaining that one crime is included in another when "[i]t is established by proof of the same or less than all the facts"), § 16-1-7 (1) (explaining that a defendant may not "be convicted of more than one crime" if "[o]ne crime is included in the other"). "There are additional statutory provisions concerning prohibitions against multiple convictions for closely related offenses" that may affect a merger analysis. *Drinkard*, 281 Ga. at 216 n.32. But the question we asked in granting review of this case is only whether a unit-of-prosecution or required evidence analysis should be applied. We do not address any other issues. See *Coe*, 314 Ga. at 530.

aggravated child molestation).[5]  Thus, a required evidence analysis,

rather than a unit-of-prosecution analysis, should be applied when

considering whether those different crimes merge.  See *Drinkard*,

281 Ga. at 215.

The Court of Appeals erred in applying a unit-of-prosecution

analysis rather than a required evidence analysis in determining

whether Shropshire's child molestation counts merged into his

aggravated child molestation conviction.[6]  We therefore vacate that

---

[5] OCGA § 16-6-4 has been amended four times since 2001, when Shropshire allegedly committed the charged crimes.  The version of OCGA § 16-6-4 (a) in effect in 2001 said: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person," and OCGA § 16-6-4 (c) said: "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."

[6] To support its analysis, the Court of Appeals relied on language in our decision in *Scott*.  Although most of *Scott* is consistent with our decision today, one case citation could fairly be read as endorsing the erroneous analysis we correct here.  As explained below, we now disapprove that reading.  In *Scott*, this Court said that "[t]he Court of Appeals failed to engage in the applicable unit-of-prosecution analysis in its unpublished opinion here" and "in its other published opinions holding that multiple counts of child molestation did not merge." *Scott*, 306 Ga. at 510.  The opinion then cited seven cases, five of which involved the merger of multiple counts of child molestation only.  See id.  One of those cases involved the merger of one count of aggravated child molestation

6

part of the Court of Appeals's judgment and remand the case to that court to apply the correct analysis to determine the merger of the aggravated child molestation and two child molestation counts.

*Judgment vacated in part, and case remanded. All the Justices concur.*

---

and two counts of child molestation, see *Carver v. State*, 331 Ga. App. 120, 120 (769 SE2d 722) (2015), and another involved the merger of one count of aggravated child molestation and one count of child molestation, see *Metts v. State*, 297 Ga. App. 330, 336 (677 SE2d 377) (2009). See *Scott*, 306 Ga. at 510. The sentence in *Scott* preceding these citations—which referenced the Court of Appeals's holdings that "*multiple counts of child molestation* did not merge"— indicates that this Court in *Scott* was addressing only the merger of multiple counts of child molestation, and not the merger of aggravated child molestation and child molestation. To the extent we implied that *Carver* incorrectly decided a merger issue, the citation can be read consistently with the rest of *Scott* to refer only to the merger of the two child molestation counts. We must, however, confess error as to the citation to *Metts*, and we disapprove any reading of *Scott*—based on the erroneous *Metts* citation—as holding that a unit-of-prosecution analysis should be applied when determining whether a count of aggravated child molestation and a count of child molestation merge.