**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 29, 2024**

# In the Court of Appeals of Georgia

A22A0838. SHROPSHIRE v. THE STATE.

BROWN, Judge.

In *Shropshire v. State*, 365 Ga. App. 653 (878 SE2d 562) (2022) ("*Shropshire I*"), this Court vacated Tony Shropshire's convictions and sentences for aggravated child molestation and two counts of child molestation after concluding that the convictions merged based on a unit-of-prosecution analysis. Id. at 660-663 (5). Thereafter, our Supreme Court granted certiorari in this case, vacated that portion of our opinion, and remanded the case with instruction for this Court to reconsider the question of merger in light of the Supreme Court's opinion. *State v. Shropshire*, 318 Ga. 14 (896 SE2d 541) (2023) ("*Shropshire II*"). Accordingly, we now vacate Division 5 of our opinion in *Shropshire I*, affirm Shropshire's aggravated child molestation

conviction, vacate his two child molestation convictions and sentences thereon, and remand the case to the trial court with direction. The rest of our opinion remains unchanged.[1]

Shropshire contends that the trial court erred by not merging his aggravated child molestation and two child molestation convictions into a single conviction. The State concedes that Shropshire's two child molestation convictions should have merged into a single count for sentencing but asserts that Shropshire's convictions for aggravated child molestation and child molestation should not merge.

> "Merger" refers generally to situations in which a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished — convicted and sentenced — for only one of those crimes. Merger analysis often involves counts charging two different crimes and that is the context in which *Drinkard*'s "required evidence" test is applied. [*Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006).]

---

[1] In *Shropshire I*, we also affirmed Shropshire's conviction for cruelty to children in the first degree but reversed his incest conviction, finding that the evidence presented at trial was insufficient to show that Shropshire committed incest as that crime was defined in 2001. 365 Ga. App. at 655-659 (1) (a)-(c). We found the evidence sufficient to support Shropshire's convictions for aggravated child molestation and child molestation. Id. at 659 (1) (d). The Supreme Court clarified that it was not addressing any other holdings in our opinion. *Shropshire II*, 318 Ga. at 15, n.1.

But merger questions may also arise when a defendant is charged with multiple counts of the same crime.

(Citation and punctuation omitted.) *Hogg v. State*, 356 Ga. App. 11, 16 (2) (b) (846 SE2d 183) (2020). In such a case, "the doctrine of substantive double jeopardy is implicated, and the 'unit of prosecution,' or the precise act criminalized by the statute, must be identified." (Citation and punctuation omitted.) *Scott v. State*, 356 Ga. App. 152, 155 (846 SE2d 241) (2020) ("*Scott II*"). Accordingly, a unit-of-prosecution analysis should be applied to determine if Shropshire's two counts of child molestation merge. See *Scott v. State*, 306 Ga. 507, 509 (2) (832 SE2d 426) (2019) ("*Scott I*"); *Cobb v. State*, 356 Ga. App. 187, 191 (3) (b) (843 SE2d 912) (2020). Because child molestation and aggravated child molestation are different crimes, a required evidence analysis applies when considering whether those crimes merge. See *Shropshire II*, 318 Ga. at 16-17 (2).

(a) Two statutory provisions govern the merger of different crimes in Georgia: OCGA §§ 16-1-6 and 16-1-7 (a). See *Metcalf v. State*, 349 Ga. App. 408, 413-414 (2) (a) (825 SE2d 909) (2019). Pursuant to OCGA § 16-1-7 (a):

[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He

may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

Under OCGA § 16-1-6, a crime is "included in" another crime where (1) "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]" or (2) it differs from the other crime "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (1), (2). We apply the required evidence test to determine if crimes arising from the same conduct merge. See *Johnson v. Williams*, 304 Ga. 771, 772 (822 SE2d 264) (2018). See also *Drinkard*, 281 Ga. at 215 ("The 'required evidence' test reflects the statutory language of OCGA § 16-1-6 (1). . . ."). Under this test, "where the same act or transaction constitutes the violation of two distinct statutory provisions," we must determine "whether each [crime] requires proof of a fact which the other does not. If so, then two offenses exist, and one is not 'included in' the other." (Citation and punctuation omitted.) *Metcalf*, 349 Ga. App. at 419 (2) (d). Further, "[w]here facts show one crime was completed before the

commission of a subsequent crime, the crimes are separate as a matter of law, and there is no merger." *Womac v. State*, 302 Ga. 681, 684-685 (3) (808 SE2d 709) (2017).

In a number of cases decided post-*Drinkard*, this Court has considered whether aggravated child molestation and child molestation merge, and where counts in the indictment are predicated on "separate and distinct acts of molestation occur[ring] at different locations or on different dates, no merger occurs." *Metts v. State*, 297 Ga. App. 330, 336 (5) (677 SE2d 377) (2009) (where indictment alleged that the defendant committed child molestation by causing the victim to view pornographic movies, and committed aggravated child molestation by forcing the victim to perform oral sex on him during the movies, and acts occurred on "at least six separate occasions over a three-year period," no merger). See also *Spires v. State*, 357 Ga. App. 440 (850 SE2d 854) (2020) (rejecting defendant's argument that his two child molestation convictions arising out of touching the victim's buttocks and vagina should merge into his aggravated child molestation convictions arising out of oral sodomy and sexual intercourse, respectively, because the indictment alleged that the various sexual contact occurred over an extended period of time rather than "a single course of conduct occurring over a relatively short time frame"); *Watkins v. State*, 336 Ga. App.

5

145, 151 (4) (784 SE2d 11) (2016) (no merger where indictment charged the defendant with aggravated child molestation "'by placing his mouth on the vagina of the victim'" and child molestation "'by touching the vagina of the victim,'" victim's testimony established that the defendant kissed her vagina on one occasion, and that, on separate occasions, the defendant touched the victim's vagina); *Carver v. State*, 331 Ga. App. 120, 122 (4) (769 SE2d 722) (2015) (where indictment charged defendant with aggravated child molestation and two counts of child molestation based on acts occurring on multiple occasions over the course of a summer, "each of the counts was for a separate and distinct crime" and did not merge). Compare *Barclay v. State*, 306 Ga. App. 766, 768 (2) (702 SE2d 907) (2010) (defendant's conviction for child molestation for exposing his penis in the victim's presence merged into defendant's remaining aggravated child molestation conviction based on anal intercourse with the victim because indictment alleged offenses occurred in the same time frame, and it was "undisputed that the offenses arose out of the same conduct of [the defendant]").

In this case, Count 1 of the indictment charged Shropshire with aggravated child molestation by "licking [the victim's] female sex organ with his tongue . . . said act involving an act of sodomy, and Counts 3 and 4 of the indictment charged

6

Shropshire with child molestation by "touching [the victim's] female sex organ with his finger," and "placing his male sex organ on the victim's female sex organ," respectively. Unlike *Metts*, *Watkins*, *Carver*, and *Spires*, the instant case involves a single incident rather than multiple, separate occasions over a period of time. But unlike *Barclay*, in which the defendant was convicted of multiple offenses based on a single act, Shropshire was charged with and convicted of multiple counts based on multiple acts during a single incident. The evidence showed that the crime of aggravated child molestation was complete before Shropshire committed the crimes of child molestation. See *Womac*, 302 Ga. at 684-685 (3). Given the manner in which the crimes were indicted and the evidence presented at trial, the three offenses do not merge under the provisions of OCGA § 16-1-7 (a), which apply when "*the same conduct* of the accused establish[es] the commission of multiple crimes." (Emphasis supplied.) Cf. *Outz v. State*, 344 Ga. App. 616, 617-618 (2) (810 SE2d 678) (2018) (where indictment charged defendant with aggravated battery by striking the victim with his fist and aggravated assault by striking the victim with a wire hanger and pouring lighter fluid on her person and setting her on fire, and evidence showed that defendant completed one crime before committing the other and that the crimes were

based on different conduct during a single incident, crimes did not merge); *Garrett v. State*, 306 Ga. App. 420, 422 (b) (703 SE2d 666) (2010). Having concluded that Shropshire's aggravated child molestation and child molestation convictions do not merge under the required evidence test,[2] we turn to whether Shropshire's two child molestation convictions should merge.

(b) Counts 3 and 4 of the indictment charged Shropshire with child molestation by "touching [the victim's] female sex organ with his finger, with the intent to arouse and satisfy the accused's sexual desires" and "placing his male sex organ on the victim's female sex organ, with the intent to arouse and satisfy accused's sexual desires," respectively. It is undisputed that these counts were based on multiple touches to the victim during a single uninterrupted course of conduct.

"In this context, the merger analysis requires careful interpretation of the criminal statute at issue to identify the 'unit of prosecution' — 'the precise act or conduct' that the legislature criminalized." (Citation and punctuation omitted.) *Scott*

---

[2] We decline to address whether Shropshire's convictions merge under the other statutory provisions governing merger because Shropshire has not raised them on appeal, and we do not have the benefit of briefing from the parties. See *Young v. State*, 315 Ga. 208, 209, n.2 (881 SE2d 689) (2022) (declining to sua sponte address a merger issue on appeal but noting that "a valid claim that a conviction merges with another conviction renders any resulting sentence on the merged conviction void").

*I*, 306 Ga. at 509 (2). "Whether a particular course of conduct involves one or more distinct offenses under the statute depends on . . . legislative choice, [and] the text of the statute itself best reflects that legislative choice." (Citation and punctuation omitted.) *Edvalson v. State*, 310 Ga. 7, 8 (849 SE2d 204) (2020).

In evaluating the language of OCGA § 16-6-4 (a), defining the offense of child molestation, this Court has found that "the General Assembly has not, by clear and unambiguous language, provided that multiple touches to a victim, during a single uninterrupted course of conduct, authorize multiple prosecutions and convictions for separate acts of child molestation." (Citation and punctuation omitted.) *Carr v. State*, 363 Ga. App. 35, 44 (2) (b) (870 SE2d 531) (2022), citing *Scott II*, 356 Ga. App. at 162-163.[3] Indeed, "the child molestation statute . . . does not contain any qualifying language with respect to acts of molestation involving different enumerated parts of

---

[3] Because a crime is to be construed according to the law existing at the time of its commission, we look to the statutes that were in effect in 2001. See *Johnson v. State*, 364 Ga. App. 749, 754 (2), n.3 (874 SE2d 807) (2022) (analyzing statute in effect when the crimes were committed in 2007 for the unit of prosecution). The version of OCGA § 16-6-4 (a) in effect in 2001 tracks the language of the statute in effect at the time *Carr* and *Scott II* were decided: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[the defendant's] body during a single uninterrupted course of conduct." *Scott II*, 356 Ga. App. at 160.[4] Our Supreme Court has instructed "that if reasonable minds disagreed as to whether the statute is, in fact, ambiguous, the rule of lenity would require us to interpret it in favor of the defendant." (Citation and punctuation omitted.) *Coates v. State*, 304 Ga. 329, 332, n.4 (818 SE2d 622) (2018). Applying the rule of lenity here, as required absent a clear mandate, we are compelled to hold that Shropshire's continuous course of conduct, as outlined in Counts 3 and 4 of the indictment, constitutes a single unit of prosecution for which he is subject to only one child molestation conviction and sentence. See *Scott II*, 356 Ga. App. at 163. Compare

---

[4] Following this Court's decision in *Scott II*, the General Assembly amended OCGA § 16-6-4, adding subsection (a.1), which provides:

> For purposes of this Code section, when a person does an immoral or indecent act involving touching of any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of the child or the person, and such person touches such child in multiple areas of such child's body, the touching of each area shall constitute a separate offense of child molestation.

See 2022 Ga. Laws 648, § 1 (H.B. 1188). Subsection (a) was amended to provide that a person commits the offense of child molestation when such person does "*an* immoral or indecent act" rather than "*any* immoral or indecent act." (Emphasis supplied.) Id. These changes became effective July 1, 2022, but are inapplicable here because the crimes were committed in 2001. We also note that the language of subsection (a.1) does not cover the situation, as here, where the defendant touches only one area of the child's body with multiple parts of the defendant's body.

*Pavlov v. State*, 362 Ga. App. 831, 835 (2) (a) (870 SE2d 449) (2022) (holding that three child molestation counts did not merge where indictment alleged and evidence showed that various sexual contacts occurred over a period of nearly two years). Accordingly, we vacate Shropshire's child molestation convictions and sentences on Counts 3 and 4, and remand to the trial court for resentencing on a single count.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Barnes, P. J., and Hodges, J., concur.*