FINAL COPY
309 Ga. 590

S20A0709. HODGES v. THE STATE.

MELTON, Chief Justice.

Following an August 22 to 29, 2016 jury trial, Victor Hodges was found guilty of malice murder, robbery, and other offenses in connection with the death of Julie Mae Simpson.[1] On appeal, Hodges contends only that the trial court employed an incorrect legal standard when it denied his motion for new trial on the general grounds. See OCGA §§ 5-5-20[2] and 5-5-21.[3] We affirm.

---

[1] On November 20, 2013, Hodges was indicted for malice murder, felony murder predicated on robbery, robbery, and aggravated assault. At his August 2016 trial, Hodges was found guilty on all counts. He was sentenced to life in prison without the possibility of parole for malice murder and a consecutive twenty-year term for robbery. Hodges was also sentenced to twenty years for aggravated assault, with that sentence to run concurrently with the sentence for robbery. The felony murder count was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). On September 21, 2016, Hodges timely filed a motion for new trial. He amended the motion with new counsel on October 27, 2017. The trial court denied the motion on January 12, 2018. Hodges filed a timely notice of appeal on January 18, 2018, and his appeal was docketed to the April 2020 term of this Court and submitted for a decision on the briefs.

[2] OCGA § 5-5-20 provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."

[3] OCGA § 5-5-21 provides: "The presiding judge may exercise a sound

1. Viewed in the light most favorable to the verdicts, the evidence presented at trial reveals that, at around 9:00 p.m. on June 6, 2013, a male friend of Simpson's named Deandra Walker visited Simpson's mobile home. About thirty minutes later, Hodges arrived. Walker left after Hodges started acting aggressively and asking Simpson if Walker was her "old man." Concerned about Hodges's aggressive behavior, Walker called Simpson several times after he left her mobile home. On one of these occasions, Hodges answered the phone and told Walker not to call anymore.

Later that night, Hodges went to smoke crack cocaine with Alton Smith in an abandoned trailer about half-a-mile from Simpson's mobile home. At that time, Hodges had two rings in his possession that belonged to Simpson, and, sometime between 2:00 a.m. and 6:00 a.m. on June 7, he gave one of the rings to a man named Ronnie Harris in exchange for more cocaine.[4]

discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

[4] That same month, Hodges gave the second ring to a woman named Monica Trammell as collateral for a $40 loan.

On the morning of June 7, Simpson's sister, Rose, called Simpson's home phone and cell phone and did not get an answer. Rose went to Simpson's mobile home around 8:30 a.m. and knocked on the door. When she received no response, she went inside. Rose found Simpson partially naked in her bedroom, lying on the bed with blood coming from the side of her head. Rose called 911, and the police and paramedics responded to the scene.

Paramedics pronounced Simpson dead at her mobile home and found that rigor mortis had already set into her body. Police discovered blood on the bedroom floor, walls, and ceiling, and a cloth on the bedroom floor that was covered with blood. They also noticed blood in the bathroom sink indicating that someone may have tried to clean up at the scene. Police also found a stereo speaker with a broken edge that had a significant amount of blood and some hair on it, and they found a broken piece from the speaker in Simpson's bed. Police collected two of Simpson's broken fingernails from her bed and later discovered that DNA under Simpson's fingernails matched Hodges's DNA. Police also discovered a pair of men's

underwear in a hallway in the mobile home; the DNA recovered from the underwear later matched Hodges's DNA. Both Hodges's and Simpson's DNA profiles were present in the blood recovered from the bathroom sink. The medical examiner concluded that Simpson suffered multiple blunt-force injuries to her head that might have caused her to lose consciousness, but the ultimate cause of her death was strangulation.

Hodges initially denied to police that the underwear at Simpson's trailer belonged to him and denied being at Simpson's mobile home on the night that she was killed. However, at trial Hodges testified that he was at Simpson's home on the night of her death, that they were about to have sex but ultimately did not, and that he left his underwear in Simpson's trailer and took her two rings before he left.

Although Hodges does not challenge the sufficiency of the evidence in this case, consistent with our customary practice of reviewing the sufficiency of the evidence in murder cases,[5] we have

---

[5] We remind litigants that the Court will end its practice of considering

reviewed the record independently and have concluded that the evidence presented at trial was sufficient to authorize a rational jury to find Hodges guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Hodges argues that, because the trial court's order denying his motion for new trial on the general grounds "fails to indicate whether [the trial court] weighed the evidence presented at trial and . . . fails to indicate whether the trial [court] exercised its discretion to sit as a [']thirteenth juror['] pursuant to OCGA §§ 5-5-20 and 5-5-21," the trial court must have improperly reviewed the motion for new trial only for legal sufficiency of the evidence rather than under the appropriate legal standard. See *Holmes v. State*, 306 Ga. 524, 528 (2) (832 SE2d 392) (2019) (holding that "when the record reflects that the trial court reviewed the motion for new trial [on the general

---

sufficiency sua sponte in non-death penalty cases with cases docketed to the term of court that begins in December 2020. See *Davenport v. State*, ___ Ga. ___ (___ SE2d ___) (2020). The Court began assigning cases to the December Term on August 3, 2020.

grounds] only for legal sufficiency of the evidence, the trial court has failed to exercise [its] discretion" as the "thirteenth juror"). Hodges is incorrect.

When a trial court exercises its discretion as the "thirteenth juror," it "need not explicitly speak of its discretion with respect to the general grounds, and unless the record shows otherwise, we must presume that the trial court understood the nature of its discretion and exercised it." (Citation and punctuation omitted.) *Wilson v. State*, 302 Ga. 106, 108 (II) (a) (805 SE2d 98) (2017). See also *Holmes*, supra, 306 Ga. at 528 (2) ("This Court presumes, in the absence of *affirmative evidence* to the contrary, that the trial court properly exercised its discretion [as the 'thirteenth juror'] pursuant to OCGA §§ 5-5-20 and 5-5-21.") (emphasis supplied). Here, the trial court specifically stated in its order that it was denying Hodges's motion for new trial after "consideration of the pleadings, the transcript of proceedings, and [the] applicable law." "The court did not state the incorrect standard in its order, and nothing in the record indicates that the court was unaware of its responsibility."

(Citations omitted.) *Allen v. State*, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015). Accordingly, Hodges's contention is without merit. See *Price v. State*, 305 Ga. 608, 613 (3) (825 SE2d 178) (2019).

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 24, 2020.

Murder. Coffee Superior Court. Before Judge Brooks.

*Conger & Smith, Gregory D. Smith*, for appellant.

*George E. Barnhill, District Attorney, John A. Rumker, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.