**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 10, 2024**

# In the Court of Appeals of Georgia

A24A1631. BROCK v. THE STATE.

HODGES, Judge.

A jury found Brock E. Brock guilty of one count of aggravated child molestation, one count of incest, and five counts of child molestation, and the trial court entered a judgment on the verdicts. Brock appeals following the denial of his motion for new trial, as amended. On appeal, he argues that (1) the evidence was insufficient to support the jury's verdict, and (2) the trial court should have exercised its discretion as the "thirteenth juror" to grant his motion for new trial. We conclude that the State presented sufficient evidence to support Brock's convictions and affirm the trial court's order denying his motion for new trial on that ground. However, because the record shows that the trial court applied only a sufficiency-of-evidence

standard in considering Brock's motion for new trial on the general grounds, we vacate in part the trial court's order and remand the case so that the trial court may apply the correct standard in exercising its discretion as the "thirteenth juror."

1. *Sufficiency of the evidence.* When addressing the sufficiency of the evidence on appeal,

> we view the evidence in the light most favorable to the jury's verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor determine witness credibility, which are tasks that fall within the exclusive province of the jury, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Ary v. State*, 359 Ga. App. 563 (859 SE2d 535) (2021); accord *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that at the time of the incidents in 2019, Christy Brock ("Christy") was married to Brock, and S. J. and J. B. were Brock's stepdaughters. S. J. was in sixth grade and J. B. was in third grade.[1] In April 2019, Brock attempted to commit suicide and was admitted to a mental hospital. During a

---

[1] At the time of the trial in September 2023, S. J. was 16 years old and J. B. was 12 years old.

trip to the beach while Brock was in the hospital, Christy mentioned to her daughters that they were going to stop by the hospital. Christy testified that J. B. and S. J. began to cry and became upset. J. B. then told Christy that Brock had touched her inappropriately and "made her do things to him." S. J. broke down and told her mom that she thought Brock would leave J. B. alone as long as Brock "messed with her" and that is why she did not say anything. Christy did not report the girls' allegations to the authorities. However, when S. J. told a counselor at her middle school about the abuse, the counselor reported the allegations to the authorities.

The school counselor testified that S. J. told her that Brock had an intimate relationship with her. He made her perform oral sex on him, and she inserted a "strap-on" that she wore into his vagina.[2] S. J. also told the counselor that she "jerked [Brock] off a few times." According to S. J., she did not report the abuse earlier because she was trying to protect her sister, but then she learned that Brock put his hands and tongue on her sister's vagina when S. J. was out of town at her dad's house.

At trial, S. J. testified that she and Brock would hang out on two couches pushed together and Brock would give her cigarettes. At one point Brock "grabbed

---

[2] Brock is a hermaphrodite, having both female and male genitalia.

[her] hand and he put it on his private part," telling her his shorts were cloth protection. For about a week, she would sit on his lap and then "[m]ore began." Brock took her to his bedroom and they had intercourse "quite a few times." He touched her bottom, her private area, and her breasts, and he sucked on her breasts. He also rubbed his body parts on her; she would open her legs and he would rub against her private part so she would become wetter and he could "get it in easier." Brock asked S. J. to "jerk[] him off, and to give him head[,]" which she did many times, and some substance came out that he cleaned up. S. J. testified that Brock also performed oral sex on her. Sometimes Brock asked S. J. to put a styrofoam piece between her legs, lay down on top of him, and rub on him; she would move her hips like she was a man. S. J. also testified that Brock took some of her clothing, including her underwear. According to S. J., she stayed with Brock a lot and allowed him to do things to her because she believed that if she was with Brock then he would leave J. B. alone. S. J. did not tell anyone because she was afraid of what Brock would do to J. B. and she was afraid her mother would not believe her. However, when J. B. told her that Brock did things to her while S. J. spent a week at her father's house, S. J. told her mom what

4

Brock did to her. They were on their way to the beach when this conversation happened.

J. B. testified that Brock "touched [her] private part" and "made [her] touch his private." She told her mom when they were on the way to a beach trip because S. J. was so upset. According to J. B., Brock would start out cuddling her and then do other things.

A forensic interviewer with the Sunshine House interviewed both S. J. and J. B. The forensic interviewer authenticated the videotaped interviews and clarified parts of the interviews while they were being played for the jury. Her testimony about what the girls told her coincided with the girls' testimony.

While Brock was in the hospital, Christy packed up his belongings. In doing so, she discovered a number of S. J.'s bras and panties in Brock's drawer. She also found a homemade styrofoam sex toy in his drawer.

A jury found Brock guilty of one count of aggravated child molestation of S. J., one count of incest of S. J., four counts of child molestation of S. J., and one count of child molestation of J. B. Brock appealed following the denial of his motion for new trial.

Brock's sole arguments challenging the sufficiency of the evidence are that "[he] denied the sexual abuse of his stepdaughters, and the girls' mother did not report her children's allegations." These arguments provide no grounds for reversal.

> [I]t is well settled that it is the function of the jury, not this Court, to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. In so doing, a jury is authorized to believe or disbelieve all or any part of the testimony of the witnesses. Ultimately, as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Ary*, 359 Ga. App. at 566 (1). In addition, we must keep in mind that "[t]he testimony of a single witness is generally sufficient to establish a fact[,]" OCGA § 24-14-8, and "[t]he testimony of a victim of child molestation or aggravated child molestation need not be corroborated." (Citation and punctuation omitted.) *Smith v. State*, 320 Ga. App. 408, 410 (1) (a) (740 SE2d 174) (2013).

The indictment in this case charged Brock with one count of aggravated child molestation of S. J. by putting his mouth on her vagina,[3] one count of incest of S. J. by

---

[3] A person commits the offense of aggravated child molestation when he commits an offense of child molestation that either physically injures the child or involves an act of sodomy. OCGA § 16-6-4 (c).

engaging in sodomy with her,[4] four counts of child molestation of S. J. by having her touch his penis, laying on her and simulating sex, rubbing his penis against her body, and touching her breasts,[5] and one count of child molestation of J. B. by having her touch his penis. Here, the victims' testimony as recited above established the charges as alleged in the indictment and was, therefore, sufficient to support Brock's convictions on all counts. See *Ary*, 359 Ga. App. at 566 (1); *Smith*, 320 Ga. App. at 410 (1) (a). Moreover, though not required, the victims' testimony was corroborated in this case by other witnesses and videotaped forensic interviews of the victims, in which the girls reiterated their allegations regarding Brock's actions. See *Ary*, 359 Ga. App. at 566 (1). Accordingly, Brock's challenge to the sufficiency of the evidence supporting his convictions lacks merit.

---

[4] A person commits incest when he "engages in sexual intercourse or sodomy . . . with a person to whom he or she knows he or she is related to either by blood or by marriage[.]" OCGA § 16-6-22 (a) (2015).

[5] A person commits the offense of child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1) (2009).

2. *"Thirteenth juror."* Brock also asserts that the trial court failed to exercise its discretion as the "thirteenth juror" when considering his motion for new trial. We are constrained to agree.

In his amended motion for new trial, Brock argued that the evidence was insufficient to support his convictions. He also asserted as follows:

> Additionally, a [c]ourt may exercise its discretion as the thirteenth juror and grant a motion for new trial. See generally OCGA §5-5-20 (allowing new trial before another jury when the verdict is [contrary] to evidence and the principles of justice and equity); OCGA §5-5-21 (allowing court to exercise its sound discretion where the verdict may be decidedly and strongly against the weight of the evidence, even though slight evidence supports it). The [c]ourt should grant Brock a new trial on this ground.

OCGA § 5-5-20 authorizes the trial court to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity," and OCGA § 5-5-21 empowers the trial court to grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." These statutes, also known as the general grounds for a new trial, "require the trial judge to

sit as a 'thirteenth juror' and conduct a review more expansive than that required for legal sufficiency of the evidence by considering any testimonial conflicts, the witnesses' credibility, and the weight of the evidence." (Citation and punctuation omitted.) *Casey v. State*, 310 Ga. 421, 425 (2) (851 SE2d 550) (2020).

> When faced with a motion for new trial based on these general grounds, the trial court has the duty to exercise its discretion and weigh the evidence[, and t]he trial court does not exercise its discretion when it evaluates the general grounds by applying the standard of *Jackson v. Virginia*, supra, to a motion for new trial based on the general grounds embodied in OCGA §§ 5-5-20 and 5-5-21.

*Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013).

In this case, the trial court's order shows that the court never considered the general grounds or exercised its discretion as a "thirteenth juror." The order states, "[a]ppellate [c]ounsel pursued a single enumeration of error, that the evidence was insufficient to support the convictions." The order then notes the sufficiency of the evidence standard enumerated in *Jackson v. Virginia* and analyzes the evidence using that standard. Specifically, the court's order indicates:

> This [c]ourt will not reweigh the testimony given or resolve any conflicts in the evidence which the defendant claims existed at trial. *Jackson*,

supra. Therefore, reviewing the evidence in the light most favorable to the verdict, the Motion for New Trial is DENIED.

It is true that "[t]his Court presumes, in the absence of affirmative evidence to the contrary, that the trial court properly exercised its discretion pursuant to OCGA §§ 5-5-20 and 5-5-21." *Holmes v. State*, 306 Ga. 524, 528 (2) (832 SE2d 392) (2019); see also *Hodges v. State*, 309 Ga. 590, 592 (2) (847 SE2d 538) (2020). "However, when the record reflects that the trial court reviewed the motion for new trial only for legal sufficiency of the evidence, the trial court has failed to exercise such discretion." *Holmes*, 306 Ga. at 528 (2); accord *Schmeelk v. State*, 358 Ga. App. 364, 368 (2) (855 SE2d 368) (2021).

Here, as in *Holmes*, "[t]he order made no reference to the general grounds, gave no indication that the trial court had considered or reweighed the evidence presented at trial, and did not suggest that the trial court had exercised its discretion pursuant to OCGA §§ 5-5-20 and 5-5-21." *Holmes*, 306 Ga. at 528 (2). In fact, the order in this case explicitly states that the court "will not reweigh the testimony given or resolve any conflicts in the evidence[,]" denoting that the trial court failed to perform its duty to exercise discretion and weigh the evidence in its consideration of the general

10

grounds, as the determination if there is sufficient evidence to support the verdict is a matter of law, not discretion. *White v. State*, 293 Ga. 523, 525 (2) (753 SE2d 115) (2013). Accordingly,

> although both the trial court and this Court have determined that the evidence presented in this case satisfies the *Jackson* standard of legal sufficiency, inasmuch as only the trial court is authorized by law to review a verdict pursuant to OCGA §§ 5-5-20 and 5-5-21, the judgment must be vacated and the case remanded to the trial court for consideration of [Brock's] motion for new trial under the proper legal standard.

(Citations and punctuation omitted.) *Holmes*, 306 Ga. at 528 (2) (affirming judgment in part, vacating judgment in part, and remanding case with direction based on this Court's conclusion that the evidence was sufficient to support the defendant's convictions but the trial court failed to exercise its discretion under OCGA §§ 5-5-20 and 5-5-21); see also *White*, 293 Ga. at 525-526 (2) (vacating the denial of a motion for new trial and remanding for the trial court to apply the proper standard to the general

grounds and to exercise its discretion to sit as a "thirteenth juror" pursuant to OCGA §§ 5-5-20 and 5-5-21).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Doyle, P. J., and Watkins, J., concur.*